DAN S. IKEHARA, #4242
98-084 Kamehameha Highway
Suite 303B
Aiea, Hawaii 96701
Telephone: (808) 485-1420
DSIkehara@aol.com

JOYCE J. UEHARA, #3267
98-084 Kamehameha Highway
Suite 303B
Aiea, Hawaii 96701
Telephone: (808) 486-2800
aiealawoffice@gmail.com

Attorneys for Creditor/Claimant
CAROLYN P. MENDOZA

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In Re: ) | Case No. 13-01333 |
| ) | (Chapter 7) |
| DWAYNE K. MENDOZA and ) | |
| NILA T. MENDOZA, ) | Adv. Proc. No. |
| ) | (Dischargeability – Domestic Support) |
| Debtors, ) | |
| ) | COMPLAINT TO DETERMINE |
| CAROLYN P. MENDOZA, ) | DISCHARGEABILITY OF DEBT; |
| ) | EXHIBITS "1" – "5" |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| DWAYNE K. MENDOZA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

COMES NOW, Plaintiff CAROLYN MENDOZA ("Plaintiff"), by and through her attorneys, DAN S. IKEHARA and JOYCE J. UEHARA, and for her complaint against Defendant DWAYNE K. MENDOZA ("Defendant"), alleges as follows:

## JURISDICTION, VENUE AND PARTIES

1. This is an adversary proceeding initiated pursuant to Rules 4007 and 7003 of the Federal Rules of Bankruptcy Procedure to determine the dischargeability of a debt pursuant to 11 U.S.C. §§ 523(a)(5) and (15).

2. Defendant DWAYNE K. MENDOZA is the Debtor in this chapter 7 case. Plaintiff CAROLYN P. MENDOZA is a creditor of Defendant.

3. Defendant commenced a voluntary Chapter 13 proceeding by filing a Petition and supporting Schedules (collectively, the "Petition") in this Court on August 6, 2013. On June 4, 2014, Defendant converted this case to a proceeding under Chapter 7 of the Bankruptcy Code.

4. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

5. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

## FACTUAL BACKGROUND

6. Before October 28, 1993, Plaintiff was the wife of Defendant. On October 28, 1993, the Family Court of the First Circuit of the State of Hawaii (the "Family Court") dissolved the marriage between Plaintiff and Defendant. In its decree, the Family Court directed Defendant to pay alimony to Plaintiff. A true and correct copy of the Divorce Decree with personal information redacted is attached hereto as Exhibit "1," and is incorporated herein by reference.

2

U.S. Bankruptcy Court - Hawaii   #16-90020   Dkt # 1   Filed 04/18/16   Page 2 of 19

7.    The relevant provision of the Divorce Decree states as follows:

<u>Alimony</u>.  Beginning with a first payment on October 5, 1993, Defendant shall pay to Plaintiff the sum of $500.00 per month as and for alimony, such amount to be paid in two equal installments of $250.00 on the 5th and 20th days of each month.  Each payment of alimony shall be for the month which begins on the due date of the payment.  Alimony shall continue each month until the happening of the first of the death of Plaintiff, the death of Defendant, or Plaintiff's remarriage. Plaintiff shall promptly inform Defendant of her remarriage.

8.    Defendant failed to pay alimony to Plaintiff as ordered by the Family Court.

9.    In 2014, Plaintiff moved in the Family Court for a determination of the amount of the past-owed alimony.

10.   On May 28, 2014, the Family Court entered the Order Re: Plaintiff's Motion for Post-Decree Relief Filed 4/14/14, granting judgment against Defendant in favor of Plaintiff in the amount of $103,011.78 for past-owed alimony and interest.  A true and correct copy of said Order is attached hereto as Exhibit "2," and is incorporated herein by reference.

11.   On June 24, 2014, the Family Court memorialized its May 28 Order in a Judgment against Defendant for past-owed alimony and interest accruing thereon in the amount of $103,011.78.  A true and correct copy of the Judgment is attached hereto as Exhibit "3," and is incorporated herein by reference.

12.   On August 13, 2014, the Family Court entered the Order Re: Defendant's Motion for Post-Decree Relief Filed 6/13/14 and Plaintiff's Motion for Post-Decree Relief Filed 7/10/14, terminating Defendant's alimony obligation, and granting Plaintiff an additional $500.00 in past-owed alimony.  A true and correct copy of said Order is attached hereto as Exhibit "4," and is incorporated herein by reference.

13.   On October 1, 2014, the Family Court memorialized its August 13 Order by way of an Amended Judgment against Defendant for past-owed alimony and interest accruing thereon

in the amount of $103,511.78. A true and correct copy of the Amended Judgment is attached hereto as Exhibit "5," and is incorporated herein by reference.

14. The debt of Defendant to Plaintiff is spousal support that Defendant was obligated to provide to Plaintiff after the dissolution of their marriage, was intended to support Plaintiff following the dissolution of the parties' marriage, and constitutes alimony that is nondischargeable under 11 U.S.C. §§ 523(a)(5) and (15).

15. Plaintiff files this Complaint to determine the dischargeability of the debt owed to Plaintiff by Defendant.

## COUNT I – EXCEPTION TO DISCHARGE UNDER 11 U.S.C. §§ 523(a)(5) or (15)

16. Plaintiff restates and incorporates herein the allegations contained in paragraphs 1 to 15 above.

17. 11 U.S.C. §§ 523(a)(5) and (15) except from discharge any debt to a spouse, former spouse or child of the debtor for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, property settlement agreement, [or] other order of a court of record or governmental determination.

18. The debt owing Plaintiff arose out of a domestic relations case and the relevant alimony provisions are set forth in an order issued by the Family Court.

19. The Family Court has determined the amount of the debt owing Plaintiff, and such amount is set forth in an order issued by the Family Court.

20. The debt owing Plaintiff constitutes alimony and is a domestic support obligation within the meaning of 11 U.S.C. §§ 523(a)(5) and (15).

4

WHEREFORE, Plaintiff prays that:

A. the Court determine that the debt of $103,511.78 is nondischargeable in this bankruptcy proceeding, or any future bankruptcy proceeding, and is not so discharged in this case;

B. the Court enter a monetary judgment against Defendant and in favor of Plaintiff for $103,511.78, which judgment shall specifically declare that it is nondischargeable;

C. the Court award Plaintiff her attorneys' fees and costs; and

D. the Court grant such other and further relief as is just and proper.

DATED: Aiea, Hawaii, _____April 18, 2016_____.

/S/ DAN S. IKEHARA

/S/ JOYCE J. UEHARA

_____
DAN S. IKEHARA
JOYCE J. UEHARA
Attorneys for Creditor/Claimant
CAROLYN P. MENDOZA

CAROLYN P. MENDOZA
225 Koa Street, #105
Wahiawa, HI 96786
Telephone: (808) 621-8722

Plaintiff Pro Se

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

1993 OCT 28 A 9: 03

N. ANAYA
CLERK

IN THE FAMILY COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| CAROLYN P. MENDOZA, | ) | FC-D NO. 93-1827 |
| Plaintiff, | ) | |
| | ) | DIVORCE DECREE |
| vs. | ) | Date: OCT 26 1993 |
| | ) | |
| DWAYNE K. MENDOZA, | ) | Judge: PATRICIA McMANAMAN |
| Defendant. | ) | Grounds: The marriage is irretrievably broken. |

### DIVORCE DECREE

This action came on for hearing on OCT 26 1993 before the Honorable PATRICIA McMANAMAN, Judge of the above-entitled Court.

Following the hearing and after full consideration of the evidence, the Court found the material allegations of the complaint for divorce to be true, Plaintiff to be entitled to a divorce from the bonds of matrimony on the grounds that the marriage is irretrievably broken, and the Court to have jurisdiction to enter this Decree.

Now, therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. A decree of absolute divorce is hereby granted to


EXHIBIT "1"

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

U.S. Bankruptcy Court - Hawaii  #16-90020  Dkt # 1  Filed 04/18/16  Page 6 of 19

Plaintiff. The bonds of matrimony between Plaintiff and Defendant are hereby dissolved and the parties hereto are restored to the status of single persons, and either party is permitted to marry from and after the effective date of this Decree.

2. This Decree is effective after it is signed and filed.

3. There were five children born during the marriage, and the children's names and birthdates are as follows:

| | |
|---|---|
| DODIE CELESTINE MENDOZA | ▓▓▓▓ 1971 |
| DWAYNE KEITH MENDOZA, JR. | ▓▓▓▓ 1970 |
| DAWN CONCEPTION MENDOZA | ▓▓▓▓ 1969 |
| DENA CATHERINE MENDOZA (COLOMA) | ▓▓▓▓ 1968 |
| DEANA CHRISTINA MENDOZA (CANIONERO) | ▓▓▓▓ 1966 |

The parties' children are above 18 years of age and not dependent on the parties for educational support.

4. Other matters covered by this Decree are as follows:

a. <u>Custody</u>. Not applicable.

b. <u>Alimony</u>. Beginning with a first payment on October 5, 1993, Defendant shall pay to Plaintiff the sum of $500.00 per month as and for alimony, such amount to be paid in two equal installments of $250.00 on the 5th and 20th days of each month. Each payment of alimony shall be for the month which begins on the due date of the payment.

Alimony shall continue each month until the happening of the first of the death of Plaintiff, the death of Defendant, or Plaintiff's remarriage. Plaintiff shall promptly inform Defendant of her remarriage.

c. <u>Property Division</u>.

(1) <u>Bank Accounts and Cash</u>. Each party is awarded his

2

or her cash on hand and his or her sole checking, savings, credit union, and other deposit accounts, subject to any debt thereon. Specifically, Plaintiff is awarded the funds in her American Savings account. Defendant is awarded the funds in the parties' joint Bank of Hawaii account and his Pearl Harbor Federal Credit Union account.

 (2) <u>Vehicles</u>. Defendant is awarded the 1972 GMC van.

 (3) <u>Real Property</u>. The parties own no real property.

 (4) <u>Furniture/Household Effects</u>. Plaintiff is awarded the parties' furniture and household effects.

 (5) <u>Personal Effects</u>. Each party is awarded his or her respective jewelry, clothing and other personal articles in his or her possession.

 (6) <u>Tools</u>. Defendant is awarded the tools as his separate property.

 (7) <u>Life Insurance</u>. Plaintiff is awarded the Hawaiian Life insurance policy together with any cash value therein.

 (8) <u>Retirement</u>. Defendant will be eligible for retirement benefits under the Civil Service Retirement System. Plaintiff is awarded fifty percent (50%) of Defendant's gross monthly annuity under the U.S. Civil Service Retirement System benefits.

The share awarded and assigned to Plaintiff from the aforementioned Plan shall be paid to Plaintiff if, as, and when Defendant commences to receive retirement benefits from the Plan. Said payment, at the option of the Plaintiff and if allowed by the Plan, may be paid to Plaintiff directly or transferred from the

3

U.S. Bankruptcy Court - Hawaii   #16-90020   Dkt # 1   Filed 04/18/16   Page 8 of 19

aforementioned Plan to a financial institution or other third party as directed by Plaintiff in writing to said Plan.

Plaintiff's full name, address, and social security number are:
CAROLYN PICOC MENDOZA
225 Koa Street, #105
Wahiawa, Hawaii 96786

SSN: ████4456 (DOB: ████47)

Defendant's full name, address, and social security number are:
DWAYNE KEITH MENDOZA
P.O. BOX 2421
Ewa Beach, Hawaii 96706

SSN: ████4402 (DOB: ████47)

The parties were married on March 12, 1966 and separated on February 14, 1993.

Plaintiff is eligible for the survivor benefit annuity available to Defendant in the event that he predeceases her. Under section 8341(h)(1) of title 5, United States Code, Plaintiff is awarded the maximum possible former spouse survivor annuity under the Civil Service Retirement System. Defendant shall provide to Plaintiff by February 15, of each year a copy of his last monthly statement and shall verify the cost of maintaining the survivor benefits annuity for her. Plaintiff is responsible for the survivor benefit premium; therefore, Plaintiff's share of Defendant's annuity will be reduced by the amount of the costs associated with providing Plaintiff survivor annuity.

If Plaintiff dies before Defendant, the United States Office of Personnel Management is directed to pay Plaintiff's share of Defendant's civil service retirement benefits to the surviving

4

U.S. Bankruptcy Court - Hawaii  #16-90020  Dkt # 1  Filed 04/18/16  Page 9 of 19

children of the marriage, in equal shares. Upon the death of any child, that child's share will be distributed equally among the other surviving children. The names of the parties' children and their dates of birth are listed on page 2, paragraph 3 of the Decree.

At Plaintiff's request, Defendant shall cooperate promptly with Plaintiff to enable her to obtain direct payment from the federal government, her survivor annuity and all other information relating to the Civil Service Retirement System benefits.

The Court shall retain jurisdiction over Defendant's retirement benefits for so long as the parties both shall live and after either party's death. The Court shall also have the authority to make every just and equitable order not inconsistent with the other provisions herein or any applicable law.

The Court shall also have specific authority to make any orders it deems just and equitable as a result of the income tax consequences which flow from the division and distribution of the aforementioned retirement interests. It is the intent of the Court that each party shall be taxed on his or her respective share of the retirement benefits herein at such times as said share becomes subject to taxes.

d. <u>Plaintiff's Medical and Dental Care</u>. Currently, Plaintiff is covered by Defendant's Civil Service health plan. Defendant shall continue to maintain medical and dental insurance coverage through the Civil Service for the benefit of the Plaintiff as long as she is eligible for said coverage. Defendant is solely

5

U.S. Bankruptcy Court - Hawaii    #16-90020    Dkt # 1    Filed 04/18/16    Page 10 of 19

responsible for the premium for said coverage. Medical and dental expenses not covered by insurance shall be paid by Plaintiff.

e. <u>Debts</u>. Plaintiff shall pay her American Savings loan ($6,558.00). Defendant shall pay for all other debts incurred during the marriage, including the following: Bank of Hawaii Visa ($2,164.00), JC Penney (amount varies/currently $0), Bankoh Personal Creditline ($772.00), Sears ($450.00), Discover ($700.00), Associates National Visa ($2,300.00), Zales ($2,000.00), Pearl Harbor Federal Credit Union loan ($4,800.00), and American Express (amount varies/currently $0).

For all other debts incurred after the signing and filing of this Decree, each party is solely responsible for any debts incurred his or her own name.

Each party shall cease use of the parties' joint credit accounts forthwith.

The party responsible for a debt shall indemnify and hold the other party harmless from any and all liability arising from non-payment of said debt, shall reimburse the other party for attorney fees and costs incurred as a result of non-payment of said debt, and shall compensate the other party as a result of non-payment of said debt.

f. <u>Tax on Gains</u>. Each party shall be solely responsible for and pay the tax, if any, on the gain realized from the sale of the real and/or personal property being awarded to him or her under this Decree.

g. <u>Tax Returns</u>. The parties have filed joint state and

6

U.S. Bankruptcy Court - Hawaii   #16-90020   Dkt # 1   Filed 04/18/16   Page 11 of 19

federal tax returns during their marriage.

    (1)  <u>Audit</u>. In the event of an audit of any of the parties' joint tax returns, the parties shall share equally in the receipt of any resulting tax refund. Defendant shall pay any resulting tax liability, including any assessments or penalties imposed, as the case may be.

    (2)  <u>Communication of Any Tax-Related Information</u>. Each party shall take all reasonable steps to immediately and fully inform the other party of any communication from the Internal Revenue Service or any other taxing authority that may involve him or her and the other party. If as a result of any failure by the other party to so inform him or her, a party is unable to timely respond to or challenge an assessment of tax liability, the party who failed to so inform shall be liable to the other for all such assessment and shall indemnify and hold the other party harmless from all such additional tax, penalties and other liabilities. A party failing to so inform shall be liable to the other party for all damages caused thereby.

    h.  <u>Security</u>. For so long as Defendant must pay alimony to Plaintiff, Defendant shall maintain life insurance coverage on his life which makes Plaintiff the primary irrevocable beneficiary in the face amount of at least $50,000.00. For so long as Plaintiff is not receiving retirement benefits from Defendant's U.S. Civil Service Retirement Plan, Defendant shall maintain additional life insurance coverage on his life which makes Plaintiff the primary irrevocable beneficiary in the additional face amount of

7

U.S. Bankruptcy Court - Hawaii  #16-90020  Dkt # 1  Filed 04/18/16  Page 12 of 19

$100,000.00, for a combined face amount of not less than $150,000.00.

In the event that Defendant dies without the required insurance, Defendant's estate shall be liable to Plaintiff to the extent that required life insurance was not maintained.

i. <u>Attorney's Fees and Costs</u>. Each party shall pay his or her own attorney's fees and costs.

j. <u>Enforcement</u>. Each party shall execute all documents necessary to effectuate the provisions of this Decree.

DATED: Honolulu, Hawaii, OCT 28 1993 _____.

PATRICIA McMANAMAN (SEAL)
JUDGE OF THE ABOVE-ENTITLED COURT

IN THE FAMILY COURT OF THE FIRST CIRCUIT, STATE OF HAWAII:
DIVORCE DECREE; FC-D No. 93-1827, <u>Mendoza vs. Mendoza</u>

8

U.S. Bankruptcy Court - Hawaii  #16-90020  Dkt # 1  Filed 04/18/16  Page 13 of 19

APPROVED AS TO FORM AND CONTENT:

_(signature)_ Sept. 14, 1993
CAROLYN P. MENDOZA                          Date
Plaintiff Pro Se
SSN No. ████4456
Address:   225 Koa Street
           Wahiawa, Hawaii  96786
Employer: City & County of Parks & Recreation
           1139A Kilani Avenue
           Wahiawa, Hawaii  96786


_(signature)_ Sept 11, 1993
DWAYNE K. MENDOZA                           Date
Defendant Pro Se
SSN No. ████4402
Address:   P.O. BOX 2421
           Ewa Beach, Hawaii  96706
Employer: United States Civil Service
           Building 72 Shop
           Pearl Harbor, Hawaii  96860


IN THE FAMILY COURT OF THE FIRST CIRCUIT, STATE OF HAWAII:
DIVORCE DECREE; FC-D No. 93-1827, <u>Mendoza vs. Mendoza</u>

9

U.S. Bankruptcy Court - Hawaii  #16-90020  Dkt # 1  Filed 04/18/16  Page 14 of 19

| FAMILY COURT<br>FIRST CIRCUIT<br>STATE OF HAWAI'I | ORDER ☐ Granting ☐ Denying ☐ In Part<br>☐ Continuing ☐ Oral ☒ Re: Plaintiff's<br>☐ Motion to ☐ Continue ☐ Withdrawal<br>☒ Motion for Post-Decree Relief Filed 4/14/2014 | CASE NUMBER<br>FC-D No. 93-1827 |
|---|---|---|

CAROLYN P. MENDOZA

PLAINTIFF,

vs.

DWAYNE K. MENDOZA

DEFENDANT.

This document is prepared by:
Joyce J. Uehara 3267
Law Office of Joyce J. Uehara
98-1277 Kaahumanu Street
PMB #360 Suite 106
Aiea, Hawaii 96701
Phone: (808) 486-2800
Fax: (888) 990-1889
Attorney for Carolyn Mendoza
Plaintiff

Motion Filed On: 4/14/2014 | Judge: The Honorable Gale L.F. Ching | Hearing Date: 5/28/2014

☒ Plaintiff ☒ Attorney for Plaintiff JOYCE J. UEHARA
☒ Defendant ☒ Attorney for Defendant DONALD L. SPAFFORD, JR.
☐ Other:

☐ Attorney _____ ☐ Plaintiff ☐ Defendant was/were duly served but failed to appear.

Based upon the representation/record made. IT IS HEREBY ORDERED that

(1) a judgment is granted for plaintiff against defendant in the amount of $103,011.78 for alimony arrears and interest. Plaintiff may submit a separate judgment form for this amount.

(2) Defendant is ordered to continue to pay alimony of $500.00 per month unless and until a court order is entered to the contrary.

(3) Plaintiff is awarded attorney's fees in the amount of ~~$~~ which shall be determined after plaintiff's attorney has submitted a declaration and supporting documents, which shall be done within 7 days of the hearing date, and defendant has filed any objection which shall be filed within 7 days after the receipt of plaintiff's attorney's declaration.

___ Continuation page(s) Attached. Signatures on Last Page.

APPROVED:
☒ Form ☒ Content _____ Plaintiff
☒ Form ☒ Content _____ Defendant
☒ Form ☐ Content _____ Attorney/Pltff
☒ Form ☐ Content _____ Attorney/Deft
☐ Form ☐ Content _____ Other

Date MAY 28 2014 | Judge _____ SEAL

FAMILY COURT
FIRST CIRCUIT COURT
STATE OF HAWAII
FILED
10:24 o'clock A. M.
MAY 28 2014
A. COLEMAN, Clerk

FOR COURT USE ONLY

11/05

EXHIBIT "2"

EXPEDITED ORDER-SHORT FORM

U.S. Bankruptcy Court - Hawaii   #16-90020   Dkt # 1   Filed 04/18/16   Page 15 of 19

JOYCE J. UEHARA #3267
PMB #360
98-1277 Kaahumanu Street
Suite 106
Aiea, Hawaii 96701
Telephone: (808) 486-2800

Attorney for Plaintiff

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

2014 JUN 24 PM 12: 53

M.N. TANAKA
CLERK

IN THE FAMILY COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| CAROLYN P. MENDOZA | ) | FC-D No. 93-1827 |
| | ) | |
| Plaintiff, | ) | JUDGMENT |
| | ) | |
| vs. | ) | |
| | ) | Hearing Date: May 28, 2014 |
| DWAYNE K. MENDOZA, | ) | Time: 8:30 a.m. |
| | ) | Judge: The Honorable Gale L.F. Ching |
| Defendant. | ) | |

## JUDGMENT

Upon consideration of the evidence in open court, the record made, and the records and files herein, JUDGMENT is entered in favor of Plaintiff in the principal amount of $60,000.00 together with 10% statutory interest thereon of $43,011.78 for a total of **$103,011.78**.

Dated: Kapolei, Hawaii, _____JUN 2 4 2014_____.

GALE L. F. CHING
JUDGE OF THE ABOVE-ENTITLED COURT

(SEAL)

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

Clerk Circuit Court, First Circuit


EXHIBIT "3"

| FAMILY COURT<br>FIRST CIRCUIT<br>STATE OF HAWAI'I | ORDER RE DEFENDANT'S MOTION FOR POST-DECREE RELIEF FILED 6/13/14 and PLAINTIFF'S MOTION FOR POST-DECREE RELIEF FILED 7/10/14 | CASE NUMBER<br>FC-D No. 93-1827 |

CAROLYN P. MENDOZA
PLAINTIFF,

vs.

DWAYNE K. MENDOZA
DEFENDANT.

This document is prepared by:
Joyce J. Uehara 3267
Law Office of Joyce J. Uehara
98-084 Kamehameha Highway, Suite 303B
Aiea, Hawaii 96701
Phone: (808) 486-2800
Fax: (888) 990-1889
Attorney for Carolyn Mendoza
Plaintiff

Motion Filed On: 6/13/2014 & 7/10/2014   Judge: The Honorable Gale L.F. Ching   Hearing Date: 8/13/2014

☒ Plaintiff  ☒ Attorney for Plaintiff JOYCE J. UEHARA
☒ Defendant ☒ Attorney for Defendant DONALD L. SPAFFORD, JR.
☐ Other: _____

☐ Attorney _____ ☐ Plaintiff ☐ Defendant was/were duly served but failed to appear.

Based upon the representation/record made. IT IS HEREBY ORDERED that

1. As to defendant's motion filed on June 13, 2014, defendant's obligation to pay alimony of $500.00 per month is terminated as of June 13, 2014, and defendant has waived his request for attorney fees.

2. As to plaintiff's motion filed on July 10, 2014, plaintiff is awarded $500.00 in unpaid alimony which shall be added to the judgment entered on June 24, 2014, by way of an amended judgment, and the parties shall filed with the court and exchange supplemental memorandums by August 22, 2014,* addressing (a) the jurisdiction of this Court to issue an amended court order acceptable processing re: defendant's pension, and (b) the court's authority to garnish defendant's retirement by court order and HRS § 651-124.

___ Continuation page(s) Attached. Signatures on Last Page.
*and direct a copy to Ms. Coleman

APPROVED:
☒ Form ☒ Content [signature] Plaintiff
☒ Form ☒ Content [signature] Defendant
☒ Form ☐ Content [signature] Attorney/Pltff
☒ Form ☐ Content [signature] Attorney/Deft
☐ Form ☐ Content _____ Other

FAMILY COURT
FIRST CIRCUIT COURT
STATE OF HAWAII
FILED
9:45 o'clock A.M.
AUG 13 2014
A. COLEMAN, Clerk

Date: AUG 13 2014   Judge: [signature] GALE L.F. CHING   (SEAL)

11/05   EXPEDITED ORDER-SHORT FORM
EXHIBIT "4"

U.S. Bankruptcy Court, Hawaii #16-90020 Dkt # 14 Filed 04/18/16 Page 17 of 19

I hereby certify that this is
a true copy from the records
of the Bureau of Conveyances,
Doc A-54240966
November 07, 2014 8:02 AM
as
Assistant Registrar, Land Court
State of Hawaii

After Recordation, return by:   [ ] Mail   or   [ ] Pick Up (808) 486-2800

    JOYCE J. UEHARA, Esq.
    98-084 Kamehameha Highway
    Suite 303B
    Aiea, Hawaii 96701

Title of Document:

## AMENDED JUDGMENT

Document Contains 1 Page

Parties:

    Plaintiff: CAROLYN P. MENDOZA

    Defendant: DWAYNE K. MENDOZA (SSN: XXX-XX-4402)

Case No.: FC-D No. 93-1827
Family Court of the First Circuit
State of Hawaii
Judgment Filed: October 1, 2014



EXHIBIT "5"

JOYCE J. UEHARA #3267
98-084 Kamehameha Highway
Suite 303B
Aiea, Hawaii 96701
Telephone: (808) 486-2800

Attorney for Plaintiff

IN THE FAMILY COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| CAROLYN P. MENDOZA | ) FC-D No. 93-1827 |
| Plaintiff, | ) AMENDED JUDGMENT |
| vs. | ) Hearing Date: August 13, 2014 |
| DWAYNE K. MENDOZA, | ) Time: 8:30 a.m. |
| Defendant. | ) Judge: The Honorable Gale L.F. Ching |

## AMENDED JUDGMENT

Upon consideration of the evidence in open court, the record made, and the records and files herein, JUDGMENT is entered in favor of Plaintiff in the principal amount of $60,500.00 together with 10% statutory interest thereon of $43,011.78 for a total of $103,511.78.

Dated: Kapolei, Hawaii, OCT 0 1 2014

GALE L. F. CHING
JUDGE OF THE ABOVE-ENTITLED COURT

I do hereby certify that the foregoing is a full, true and correct copy of the original on file in the office.

Clerk, Family Court, First Circuit, State of Hawaii

U.S. Bankruptcy Court - Hawaii   #16-90020   Dkt # 1   Filed 04/18/16   Page 19 of 19