DAN S. IKEHARA #4242
98-084 Kamehameha Highway
Suite 303B
Aiea, Hawaii 96701
Tel: (808) 485-1420
DSIkehara@aol.com

JOYCE J. UEHARA #3267
98-084 Kamehameha Highway
Suite 303B
Aiea, Hawaii 96701
Tel: (808) 485-1420
aiealawoffice@gmail.com

Attorneys for Creditor/Plaintiff
CAROLYN P. MENDOZA

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | | |
|---|---|---|
| In Re: | ) | Case No. 13-01333 |
| | ) | (Chapter 7) |
| DWAYNE K. MENDOZA and | ) | |
| NILA T. MENDOZA, | ) | Adv. Proc. No. 16-90020 |
| | ) | (Dischargeability – Domestic Support) |
| Debtors. | ) | |
| | ) | |
| | ) | REQUEST FOR ENTRY OF DEFAULT |
| CAROLYN P. MENDOZA, | ) | JUDGMENT BY CLERK AGAINST |
| | ) | DEFENDANT DWAYNE K. |
| Plaintiff, | ) | MENDOZA; DECLARATION OF DAN |
| | ) | S. IKEHARA |
| vs. | ) | |
| | ) | |
| DWAYNE K. MENDOZA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

REQUEST FOR ENTRY OF DEFAULT JUDGMENT BY
CLERK AGAINST DEFENDANT DWAYNE K. MENDOZA

COMES NOW, Plaintiff CAROLYN P. MENDOZA, by and through her attorneys, DAN S. IKEHARA and JOYCE J. UEHARA, pursuant to Rule 7055 of the Federal Rules of Bankruptcy Procedure and Rule 55(b)(1) of the Federal Rules of Civil Procedure, and hereby requests the Clerk of the above-entitled Court to: (1) enter default judgment against Defendant DWAYNE K. MENDOZA for the relief prayed for in the Complaint filed herein on April 18, 2016, and (2) enter said judgment as final judgment as all claims against all persons are hereby resolved and adjudicated.

The pertinent facts, as more particularly attested to by Plaintiff in the Declaration of Carolyn P. Mendoza, attached hereto and incorporated herein by reference, are summarized as follows:

1. This action is to determine the dischargeability of certain debts owed to Plaintiff by Defendant/Debtor DWAYNE K. MENDOZA.

2. Specifically, Plaintiff seeks to determine the dischargeability of that certain money judgment entered in favor of Plaintiff and against Defendant/Debtor in the amount of $103,511.78.

3. Said judgment is for alimony arrears owed to Plaintiff by Defendant, and is therefore exempt from discharge pursuant to 11 U.S.C. § 523(a)(5).

4. The Clerk of this Court entered default against Defendant on May 20, 2016.

5. In light of Defendant's default, Plaintiff is entitled to judgment in her favor as a matter of law.

6. In connection with this proceeding, Plaintiff incurred costs of $350.00 for the cost of filing the Complaint.

7. Accordingly, Plaintiff is entitled to judgment against Defendant in the total amount of $103,861.78 ($103,511.78 + $350.00).

8. Rule 55(b)(1) of the Federal Rules of Civil Procedure, made applicable in this proceeding by Rule 7055 of the Federal Rules of Bankruptcy Procedure, permits the Clerk of this Court to enter default judgment if the Plaintiff's claim is for a sum certain or a sum that can be made certain by computation.

9. The Clerk of this Court, upon Plaintiff's request, with an affidavit showing the amount due, must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing, and who is neither a minor nor an incompetent person.

WHEREFORE, based on the foregoing, Plaintiff respectfully requests that the Clerk of this Court enter default judgment against Defendant in the amount of $103,861.78, in the form submitted concurrently herewith.

DATED: Aiea, Hawaii,           May 19, 2016           .

                                                /S/ DAN S. IKEHARA
                                                DAN S. IKEHARA
                                                JOYCE J. UEHARA
                                                Attorneys for Creditor/Plaintiff
                                                CAROLYN P. MENDOZA

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | | |
|---|---|---|
| In Re:<br><br>DWAYNE K. MENDOZA and<br>NILA T. MENDOZA,<br><br>　　　　　　　　Debtors.<br><br>CAROLYN P. MENDOZA,<br><br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>DWAYNE K. MENDOZA,<br><br>　　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 13-01333<br>(Chapter 7)<br><br>Adv. Proc. No. 16-90020<br>(Dischargeability – Domestic Support)<br><br><br>DECLARATION OF CAROLYN P.<br>MENDOZA |

## DECLARATION OF DAN S. IKEHARA

COMES NOW, DAN S. IKEHARA, and hereby declares and states as follows under penalty of perjury:

1.	I make this Declaration in support of Plaintiff's request for entry of default judgment against Defendant in the amount of $103,861.78.

2.	Defendant is not a minor and is not incompetent.

3.	As stated in the Certificates of Service filed herein on April 18, 2016 and May 19, 2016, Defendant and his attorneys were duly served with copies of the Complaint and Summons in this action.

4.	The time for Defendant to answer, move, or otherwise plead in this matter has expired, and Defendant failed to answer, move, or otherwise plead in this matter.

5.	The Clerk of this Court entered default against Defendant on May 20, 2016.

6. Plaintiff requests that default judgment be entered on the grounds that default has already been entered against Defendant and that Plaintiff am entitled to judgment in the amount of $103,861.78 as a matter of law.

7. Before October 28, 1993, Defendant and Plaintiff were married. On October 28, 1993, the Family Court of the First Circuit of the State of Hawaii (the "Family Court") dissolved the marriage. In its decree, the Family Court directed Defendant to pay alimony to Plaintiff. A true and correct copy of the Divorce Decree with personal information redacted is attached to the Complaint filed in this matter on April 18, 2016 as Exhibit "1," and is incorporated herein by reference.

8. The relevant provision of that Divorce Decree states as follows:

Alimony. Beginning with a first payment on October 5, 1993, Defendant shall pay to Plaintiff the sum of $500.00 per month as and for alimony, such amount to be paid in two equal installments of $250.00 on the 5th and 20th days of each month. Each payment of alimony shall be for the month which begins on the due date of the payment. Alimony shall continue each month until the happening of the first of the death of Plaintiff, the death of Defendant, or Plaintiff's remarriage. Plaintiff shall promptly inform Defendant of her remarriage.

9. Defendant failed to pay alimony as ordered by the Family Court.

10. In 2014, Plaintiff filed a motion in the Family Court for a determination of the amount of the past-owed alimony.

11. On May 28, 2014, the Family Court entered the Order Re: Plaintiff's Motion for Post-Decree Relief Filed 4/14/14, granting judgment against Defendant in favor of Plaintiff in the amount of $103,011.78 for past-owed alimony and interest. A true and correct copy of said Order is attached to the Complaint as Exhibit "2," and is incorporated herein by reference.

12. On June 24, 2014, the Family Court memorialized its May 28 Order in a Judgment against Defendant for past-owed alimony and interest accruing thereon in the amount

of $103,011.78. A true and correct copy of the Judgment is attached to the Complaint as Exhibit "3," and is incorporated herein by reference.

13. On August 13, 2014, the Family Court entered the Order Re: Defendant's Motion for Post-Decree Relief Filed 6/13/14 and Plaintiff's Motion for Post-Decree Relief Filed 7/10/14, terminating Defendant's alimony obligation, and granting an additional $500.00 in past-owed alimony. A true and correct copy of said Order is attached to Complaint as Exhibit "4," and is incorporated herein by reference.

14. On October 1, 2014, the Family Court memorialized its August 13 Order by way of an Amended Judgment against Defendant for past-owed alimony and interest accruing thereon in the amount of $103,511.78. A true and correct copy of the Amended Judgment is attached to the Complaint as Exhibit "5," and is incorporated herein by reference.

15. Defendant's debt is spousal support that Defendant was obligated to provide to Plaintiff after the dissolution of their marriage, was intended to support me following the dissolution of the parties' marriage, and constitutes alimony that is nondischargable under 11 U.S.C. § 523(a)(5).

16. Defendant's debt arose out of a domestic relations case and the relevant alimony provisions are set forth in an order issued by the Family Court.

17. The Family Court has determined the amount of the debt owed by Defendant, and such amount is set forth in an order issued by the Family Court.

18. The debt owed by Defendant constitutes alimony and is a domestic support obligation within the meaning of 11 U.S.C. § 523(a)(5).

19. In addition, Plaintiff incurred costs of $350.00 for the filing fee for the Complaint.

20. Accordingly, Plaintiff respectfully requests the entry of default judgment against Defendant in the total amount of $103,861.78.

DATED: Aiea, Hawaii, May 19, 2016.

/S/ DAN S. IKEHARA
DAN S. IKEHARA
JOYCE J. UEHARA
Attorneys for Creditor/Plaintiff
CAROLYN P. MENDOZA