```
                              United States Bankruptcy Court
                                   District of Hawaii
Mendoza,
        Plaintiff                                            Adv. Proc. No. 16-90020-rjf
Mendoza,
        Defendant
```

# CERTIFICATE OF NOTICE

```
District/off: 0975-1          User: mbd              Page 1 of 1              Date Rcvd: May 20, 2016
                              Form ID: H7055b        Total Noticed: 2
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 22, 2016.
```
pla           +Carolyn P. Mendoza,    2214 California Avenue,    Wahiawa, HI 96786-2876
dft           +Dwayne K. Mendoza,    PO Box 89104,    Honolulu, HI 96830-7104
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                          TOTAL: 0

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 22, 2016                                    Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 20, 2016 at the address(es) listed below:
```
              Dan S. Ikehara     on behalf of Plaintiff Carolyn P. Mendoza dsikehara@aol.com
              Donald L. Spafford, Jr.    on behalf of Defendant Dwayne K. Mendoza
               donaldspaffordattorney@gmail.com,    spaffordECFmail@gmail.com
              Joyce Junko Uehara    on behalf of Plaintiff Carolyn P. Mendoza aiealawoffice@gmail.com
              W. Richard Abelmann    on behalf of Defendant Dwayne K. Mendoza rick@abelmannlaw.com,
               notices@abelmannlaw.com;holly@abelmannlaw.com;chris@abelmannlaw.com;brenda@abelmannlaw.com;travis
               @abelmannlaw.com;makana@abelmannlaw.com;lars@abelmannlaw.com;ofir@abelmannlaw.com
                                                                                               TOTAL: 4
```

Local Form H7055b (12/15)

| | | |
|---|---|---|
| **Information to identify the case:** | | |
| Debtor(s) | **Dwayne K. Mendoza and Nila T. Mendoza** | United States Bankruptcy Court<br>District of Hawaii |
| Parties | Carolyn P. Mendoza, | |
| | Plaintiff(s) | |
| | v. | |
| | | Bankruptcy Case number: **13–01333**<br>Chapter: **7** |
| | Dwayne K. Mendoza, | Adversary Proceeding No: **16–90020** |
| | Defendant(s) | |

## ORDER UPON ENTRY OF DEFAULT

The following provisions apply in this action in which the clerk has entered default with respect to one or more of the defendants.

1. <u>Motion for Default Judgment.</u> Unless the plaintiff's claim against the defendant is limited to a sum certain of the type described in Fed. R. Civ. P. 55(b)(1), a request for entry of a default judgment must be made by written motion, filed with the court and served on the defaulting party. The motion should include one or more declarations, exhibits, and a memorandum of law to support the establishment of a prima facie case and entitlement to a judgment. Failure to file a motion within 6 months after entry of default against all defendants may result in dismissal of the complaint for lack of prosecution.

2. <u>Declaration as to Military Service.</u> If the defaulting party is an individual, the moving party must file a declaration setting forth facts showing that entry of a default judgment is not prohibited by the Servicemembers Civil Relief Act (50 U.S.C. app. § 501 et seq.).

3. <u>Hearing and Notice.</u> A hearing on the motion for default judgment may be scheduled by contacting the courtroom deputy at calendar@hib.uscourts.gov or (808) 522–8113. The moving party must file the motion and give notice of the hearing to the defaulting party not later than 28 days before the hearing date.

4. <u>Evidence.</u> The court generally will consider a motion for a default judgment based on the declarations and exhibits filed with the motion, but the court may (upon reasonable notice) require the moving party to present live testimony. The moving party also may elect to present live testimony in addition to or in lieu of declarations and, if this is the case, the moving party shall advise the courtroom deputy that it wishes to proceed in this fashion when the moving party contacts the courtroom deputy to schedule the hearing.

5. <u>Witness List.</u> Not later than 7 days before any hearing at which live testimony will be presented, the moving party shall file a final comprehensive witness list, including a brief summary of the anticipated testimony from each witness.

6. <u>Exhibits and Exhibit List.</u> If the moving party wishes to offer exhibits at the hearing, the moving party shall premark for identification all exhibits, including both evidentiary exhibits and illustrative aids. Enlargements of evidentiary exhibits shall bear the same exhibit number as the underlying exhibit. Illustrative aids and enhancements of evidentiary exhibits (for example, a copy of an evidentiary exhibit which includes boxes, lines, highlighting, explanatory text, or other alterations) shall be separately listed and numbered. At the hearing, the moving party shall tender to the courtroom deputy an exhibit list together with the original and two copies of the exhibits in binders with an appropriate identification tab for each exhibit.

7. <u>Use of Presentation Equipment.</u> The courtroom has equipment which permits counsel to present evidence and illustrative aids electronically. Descriptions of the equipment and instructions for its use are available from the courtroom deputy. Because use of the equipment usually expedites hearing where more than a few exhibits or illustrative aids are used, the court encourages counsel to take advantage of the equipment (and the court may, in appropriate situations, require its use). Counsel are responsible for making arrangements with the courtroom deputy to familiarize themselves with the court's equipment and software, to test the compatibility of their presentations with the available equipment and software, and to make alternative arrangements for their presentations in the event of incompatibility or system failure.

8. <u>Advisory on Privacy Policy.</u> The federal judiciary's privacy policy restricts the publication of certain personal data in documents filed with the court. The policy requires limiting Social Security and financial account numbers to the last four digits, using only initials for the names of minor children, and limiting dates of birth to the year. However, if such information is elicited during testimony or other court proceedings, it will become available to the public when the official transcript is filed at the courthouse unless, and until, it is redacted. The better practice is for the parties to avoid introducing this information into the record in the first place. Please take this into account when questioning witnesses or making other statements in court. If a restricted item is mentioned in court, a party may ask to have it stricken from the record or partially redacted to conform to the privacy policy, or the court may do so on its own motion.

**SO ORDERED.**

Date: May 20, 2016

Clerk's Office:
1132 Bishop Street, Suite 250
Honolulu, Hawaii 96813
(808) 522–8100
www.hib.uscourts.gov

Robert J. Faris
United States Bankruptcy Judge