ABELMANN PETERSON ROLLINS LLLC

LARS PETERSON 8604
W. RICHARD ABELMANN 9158
677 Ala Moana Blvd. Ste. 1009
Honolulu, Hawaii 96813
Tel 808.589.1010  Fax 888.797.7471
lars@abelmannlaw.com | rick@abelmannlaw.com

Attorneys for Defendant DWAYNE K. MENDOZA

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| In re: | ) | CASE NO. 13-01333 |
| --- | --- | --- |
|  | ) | (Chapter 7) |
| DWAYNE K. MENDOZA and | ) |  |
| NILA T. MENDOZA, | ) | Adv. Proc. No: 16-90020 |
|  | ) |  |
| Debtors. | ) | MOTION TO SET ASIDE |
| _____ | ) | ENTRY OF DEFAULT; |
| CAROLYN P. MENDOZA, | ) | DECLARATION IN SUPPORT; |
|  | ) | EXHIBIT "A." |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) | Hearing: |
| DWAYNE K. MENDOZA, | ) | DATE: |
|  | ) | TIME: |
|  | ) | JUDGE: Hon. Robert J. Faris |
| Defendant. | ) |  |
| _____ | ) |  |

MOTION TO SET ASIDE ENTRY OF DEFAULT

Defendant DWAYNE K. MENDOZA ("Defendant" or "Debtor"), by and

through counsel undersigned, respectfully moves this Court to set aside the Clerk's

Entry of Default against him entered May 20, 2016 [Dkt.# 6-1]. This Motion is made on the grounds that Plaintiff failed to serve Defendant with the Summons and Complaint as alleged in the certificate of service filed by her attorney Joyce J. Uehara.

Plaintiff filed this adversary proceeding on April 18, 2016. Plaintiff also filed a Summons the same day, and the combined certificate of service [Dkt#3] reflects service upon Defendant's attorneys only.

As evidenced by the attached declaration, Defendant never received a copy of the Summons and Complaint. The documents through May 18, 2016, are consistent with that statement.

In the interim, Defendant served Plaintiff and her counsel with a 21-day "safe harbor letter" and copy of a motion for sanctions required under Fed. R. Bankr. P. 9011, indicating that he intends to file a motion for sanctions should this adversary proceeding not be withdrawn. That letter and corresponding motion are appended hereto as Exhibit "A". To date, Defendant has not received a response to his safe harbor letter.

On May 19, 2016, the same date the Request for Clerk's Entry of Default was filed, a supplemental certificate of service was filed by Plaintiff's attorney Dan S. Ikehara indicating that service had been accomplished on Debtor over one month prior [Dkt#4]. Defendant maintains that this assertion is false, and

respectfully requests an order from this Court setting aside the entry of default and directing Plaintiff to serve Debtor with the Summons and Complaint. Should Plaintiff and Plaintiff's counsel indeed serve the Summons and Complaint on Debtor, then Debtor can file a Motion to Dismiss.

DATED: Honolulu, Hawaii, May 23, 2016.

ABELMANN PETERSON ROLLINS LLLC

/s/ Lars Peterson
LARS PETERSON
W. RICHARD ABELMANN
Attorneys for Defendant DWAYNE K. MENDOZA

ABELMANN PETERSON ROLLINS LLLC

LARS PETERSON 8604
W. RICHARD ABELMANN 9158
677 Ala Moana Blvd. Ste. 1009
Honolulu, Hawaii 96813
Tel 808.589.1010  Fax 888.797.7471
lars@abelmannlaw.com | rick@abelmannlaw.com

Attorneys for Defendant DWAYNE K. MENDOZA

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| In re: | ) | CASE NO. 13-01333 |
| | ) | (Chapter 7) |
| DWAYNE K. MENDOZA and | ) | |
| NILA T. MENDOZA, | ) | Adv. Proc. No: 16-90020 |
| | ) | |
| Debtors. | ) | MOTION TO SET ASIDE |
| _____ | ) | ENTRY OF DEFAULT; |
| CAROLYN P. MENDOZA, | ) | DECLARATION IN SUPPORT; |
| | ) | EXHIBIT "A" |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Hearing: |
| DWAYNE K. MENDOZA, | ) | DATE: |
| | ) | TIME: |
| | ) | JUDGE:   Hon. Robert J. Faris |
| Defendant. | ) | |
| _____ | ) | |

DECLARATION OF LARS PETERSON

I, LARS PETERSON, declare as follows:

1. I am an attorney with Abelmann Peterson Rollins LLLC, counsel for Defendant in this case.

2. I make this Declaration upon personal knowledge, unless otherwise indicated, and am competent to testify as to all matters stated in this Declaration.

3. On May 19, 2016, I spoke to the Defendant regarding the alleged receipt of a Summons and Complaint in the above captioned case.

4. Defendant confirmed to me that he has not received any document from Plaintiff or her attorneys since prior to April 1, 2016.

5. Defendant confirmed to me that he has not received any Summons and Complaint in this matter.

6. Defendant further stated that had he received such documents, he would have contacted our firm immediately.

7. Defendant indicated that he can provide a declaration to this effect once he has a chance to physically come to my office.

8. Attached as Exhibit "A" is a true and correct copy of the Rule 9011 Safe Harbor Letter and Motion for Sanctions that my office served on Plaintiff and her attorneys on May 18, 2016.

DATED: Honolulu, Hawaii, May 23, 2016.

    ABELMANN PETERSON ROLLINS LLLC

    /s/ Lars Peterson
    LARS PETERSON

# EXHIBIT "A"

U.S. Bankruptcy Court - Hawaii   #16-90020   Dkt # 11   Filed  05/23/16   Page 7 of 16



May 23, 2016

VIA EMAIL & FIRST CLASS MAIL

Dan S. Ikehara
Joyce J. Uehara
98-084 Kamehameha Highway
Suite 303B
Aiea, HI 96701

      Re:    Carolyn P. Mendoza; Bankruptcy Case No. 13-01333/Adversary Proceeding No. 16-90020 in the United States Bankruptcy Court for the District of Hawaii – Motion for Sanctions Pursuant to Rule 9011

Dear Counsel:

      This letter is to provide you and your client, Carolyn P. Mendoza, with notice of our intent to file a Motion for Sanctions Pursuant to Rule 9011 ("9011 Motion") against you and Carolyn P. Mendoza. Please find the unfiled copy of the 9011 Motion enclosed with this letter.

      Under Rule 9011 of the Federal Rules of Bankruptcy Procedure, you and your client have 21 days from receipt of a copy of the motion emailed to you on May 18, 2016 to withdraw or appropriately correct your Adversary Complaint to Determine Dischargeability of Debt ("AP"). It is our position that you can only appropriately correct the filing of the AP by withdrawing it with prejudice.

      If these corrections and/or withdrawals are not made and filed within 21 days of receipt of this letter, we will file the Debtors' 9011 Motion. Thank you for your prompt attention to this matter. Should you have any questions, do not hesitate to contact us.

Sincerely,

ABELMANN PETERSON ROLLINS LLLC

W. Richard Abelmann

677 ALA MOANA BLVD | SUITE 1009 | HONOLULU, HI | 96813
TEL 808.589.1010 | FAX 888.797.7471 | WWW.ABELMANNLAW.COM
U.S. Bankruptcy Court - Hawaii #16-90020 Dkt # 11 Filed 05/23/16 Page 8 of 16

ABELMANN PETERSON ROLLINS LLLC

LARS PETERSON 8604
W. RICHARD ABELMANN 9158
677 Ala Moana Blvd. Ste. 1009, Honolulu, Hawaii 96813
Tel 808.589.1010  Fax 888.797.7471
lars@abelmannlaw.com | rick@abelmannlaw.com

Attorneys for Debtors DWAYNE K. MENDOZA and
NILA T. MENDOZA

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| In re: | ) | CASE NO. 13-01333 |
|---|---|---|
| | ) | (Chapter 13) |
| DWAYNE K. MENDOZA and NILA T. MENDOZA, | ) ) | DEBTORS' MOTION FOR SANCTIONS AGAINST CREDITOR CAROLYN P. MENDOZA AND/OR HER COUNSEL PURSUANT TO FED. R. BANKR. P. 9011 |
| Debtors. | ) ) ) ) | |
| _____ | ) | |

DEBTORS' MOTION FOR SANCTIONS AGAINST CREDITOR CAROLYN P.
MENDOZA AND/OR HER COUNSEL
PURSUANT TO FED. R. BANKR. P. 9011

Debtors DWAYNE K. MENDOZA and NILA T. MENDOZA ("Debtor"),

by and through the undersigned attorneys, Abelmann Peterson Rollins LLLC,

hereby move this Court for an order as follows:

A. Awarding sanctions to Debtor against Creditor CAROLYN P.

   MENDOZA ("Carolyn Mendoza") and/or her counsel, DAN S.

   IKEHARA and JOYCE J. UEHARA for frivolously and improperly

making representations to the court that are being presented i) to cause unnecessary delay, and ii) to cause needless increase in the cost of litigation;

B. Granting Debtors their expenses and attorneys' fees incurred for litigating this action; and

C. Granting Debtors such other and further relief as the court deems appropriate.

This motion is made pursuant to §§ 105 of the Bankruptcy Code; Rules 1001, 7012 and 9011 of the Federal Rules of Bankruptcy Procedure; Rule 16 of the Federal Rules of Civil Procedure, and 28 U.S.C. § 1927, and is supported by the Declaration of Lars Peterson, the exhibits attached hereto, the records and files herein, and such further argument as may be made by counsel at the hearing herein.

DATED: Honolulu, Hawaii, May 18, 2016.

ABELMANN PETERSON ROLLINS LLLC

/s/Lars Peterson
LARS PETERSON
W. RICHARD ABELMANN
Attorneys for Debtors DWAYNE K. MENDOZA and CAROLYN P. MENDOZA

ABELMANN PETERSON ROLLINS LLLC

W. RICHARD ABELMANN 9158
LARS PETERSON 8604
CHRISTOPHER T. ROLLINS 9795
677 Ala Moana Blvd. Ste. 1009, Honolulu, Hawaii 96813
Tel 808.589.1010  Fax 888.797.7471
rick@abelmannlaw.com | lars@abelmannlaw.com | chris@abelmannlaw.com

Attorneys for Debtors DWAYNE K. MENDOZA and
NILA T. MENDOZA

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| In re: | ) | CASE NO. 13-01333 |
|---|---|---|
|  | ) | (Chapter 13) |
| DWAYNE K. MENDOZA and NILA | ) |  |
| T. MENDOZA, | ) | MEMORANDUM IN SUPPORT OF |
|  | ) | MOTION |
|  | ) |  |
| Debtors. | ) |  |
|  | ) |  |
|  | ) |  |
| _____ | ) |  |

MEMORANDUM IN SUPPORT OF MOTION

Debtors DWAYNE K. MENDOZA and NILA T. MENDOZA ("Debtors"), by and through the undersigned attorneys, Abelmann Peterson Rollins LLLC, hereby make the following representations in support of their Motion for Sanctions Against Creditor CAROLYN P. MENDOZA ("Carolyn Mendoza") and/or her Counsel, DAN S. IKEHARA and JOYCE J. UEHARA Pursuant to Fed. R. Bankr.

3

P. 9011, and for expenses and attorneys' fees to be awarded to Plaintiffs ("9011 Motion").

Rule 9011 sanctions are warranted in this case for the following reasons: Carolyn Mendoza's Adversary Complaint to Determine Dischargeability of Debt ("Complaint") is frivolous and improper because it is untimely without a valid exception; it is unnecessary under the Bankruptcy Code; it seeks to harass Debtor; and it needlessly increases the cost of litigation. For each of the foregoing reasons, Debtor respectfully requests that this Court grant the 9011 Motion.

## I. Factual Background

Debtors struggled for some time with their finances after retirement reduced income and they fell behind on mortgage payments. Debtors filed a Chapter 13 bankruptcy in 2013 to obtain relief from their debt. They correctly listed a priority claim in favor of Carolyn Mendoza in an amount listed at $0.00 due to the disputed nature of the debt. Carolyn Mendoza filed two proofs of claim for back alimony and for a share of Debtor's retirement. Although Debtors objected to the alimony claim, the case was converted to Chapter 7 before the court ruled on the objection. After Debtors obtained their discharge in the Chapter 7, they received further collection attempts by their creditors and moved to reopen their case to pursue the violations in December 2015. In April 2016, Carolyn Mendoza filed an adversary proceeding styled *Carolyn P. Mendoza v. Dwayne K. Mendoza*, Adv. No. 16-90020

in the United States Bankruptcy Court for the District of Hawaii, seeking a determination of the dischargeability of Debtor's domestic support obligation.

**II. Argument**

Fed.R. Bankr. P. 9011 provides in relevant part as follows:

> (b) Representations to the Court. By presenting to the court (whether by signing, filing, submitting, or later advocating ) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.
>
> (c) Sanctions. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

5

Sanctions are warranted in the present matter because Carolyn Mendoza and her counsel have filed pleadings and made representations to this Court that are untimely without a valid exception; that are unnecessary under the Bankruptcy Code; that seek to harass Debtor; and that needlessly increase the cost of litigation. Pursuant to Rule 9011(c), the Court may impose sanctions upon the attorneys, law firms, or parties who have violated subdivision (b) by presenting frivolous or improper pleadings, motions, or petitions to the Court, or are responsible for the violation.

Pursuant to Rule 9011, Carolyn Mendoza and her counsel were served with the 9011 Motion via email and first class mail on May 18, 2016, which is at least 21 days prior to the filing of said 9011 Motion. The offending Motion and other pleadings were not withdrawn or appropriately corrected prior to the filing of the 9011 Motion. *See* Declaration of Lars Peterson, Exh. "A"-"B" [Letter to Carolyn Mendoza and Counsel].

**A. The Adversary Proceeding is Untimely Without a Valid Exception**

This Court set a deadline for filing adversary proceedings upon conversion of Debtors' case to Chapter 7. Such deadline was sent to Carolyn Mendoza's attention through her attorney Dan Ikehara and explicitly required a filing by September 8, 2014. Carolyn Mendoza filed her adversary proceeding nearly two years later, without leave of court, and without any applicable exception.

### B. The Assertions Presented in the Adversary Proceeding Are Unnecessary Because the Bankruptcy Code Already Deems These Claims Nondischargeable

Carolyn Mendoza asserts that her claims are nondischargeable because they are domestic support obligations. A simple review of 11 U.S.C. 523 reveals that the types of claims asserted by Carolyn Mendoza are not dischargeable by statute under a 727 discharge. This simple step is an "inquiry reasonable under the circumstances" and should be a necessary step before filing an adversary proceeding. Carolyn Mendoza has already exhausted (unsuccessfully) various collection attempts in state court, and now seeks to manipulate the bankruptcy court into furthering her collection activities. In doing so, Carolyn Mendoza has unnecessarily multiplied the costs of litigation and seeks to perpetrate a fraud on this Court and on Debtors. This untimely and unnecessary filing justifies the imposition of sanctions pursuant to Rule 9011.

It is evident that the purpose of the adversary proceeding was to harass the Debtors and needlessly increase the cost of litigation, and is cause for sanctions pursuant to Rule 9011.

### III. Conclusion

Based on all the foregoing reasons and authorities, it is respectfully submitted that this 9011 Motion should be granted.

DATED:    Honolulu, Hawaii, June __, 2016.

7

U.S. Bankruptcy Court - Hawaii   #16-90020   Dkt # 11   Filed 05/23/16   Page 15 of 16

ABELMANN PETERSON ROLLINS LLLC

/s/ Lars Peterson
LARS PETERSON
W. RICHARD ABELMANN
Attorneys for Debtors DWAYNE K. MENDOZA and NILA T. MENDOZA

8