ABELMANN PETERSON ROLLINS LLLC

LARS PETERSON #8604
RICK ABELMANN 9158
OFIR RAVIV 10413
677 Ala Moana Blvd Ste 1009, Honolulu, HI 96813
T: 808.589.1010 F: 888.797.7471
E: lars@abelmannlaw.com | rick@abelmannlaw.com | ofir@abelmannlaw.com

Attorneys for Defendant
DWAYNE K. MENDOZA

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| In re | ) | Case No. 13-01333 |
| | ) | (Chapter 7) |
| DWAYNE K. MENDOZA, | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| CAROLYN P. MENDOZA, | ) | Adversary Proceeding No. 16-90020 |
| | ) | |
| Plaintiff, | ) | **DEFENDANT DWAYNE K. MENDOZA'S** |
| | ) | **SCHEDULING CONFERENCE STATE-** |
| vs. | ) | **MENT.** |
| | ) | |
| DWAYNE K. MENDOZA, | ) | Scheduling Conference: |
| | ) | Date: June 17, 2016 |
| Defendant. | ) | Time: 2:00 p.m. |
| | ) | Judge: Hon. Robert J. Faris |

**DEFENDANT DWAYNE K. MENDOZA'S SCHEDULING CONFERENCE STATEMENT.**

Defendant DWAYNE K. MENDOZA, through counsel, and pursuant to Rule 7016-1 of the Local Bankruptcy Rules for the District of Hawaii (LBR), Rule 16.1 of the Local Rules of Practice for the United States District Court of the District of Hawaii (LR), and Rule 16 of the Federal Rules of Civil Procedure (FRCP), as applicable pursuant to Rule 7016 of the Federal Rules of Bankruptcy Procedure, submits this Scheduling Conference Statement:

I.  SHORT STATEMENT OF NATURE OF CASE.

On September 23, 2014, the Defendant received a discharge in his chapter 7 bankruptcy proceeding. Dkt#85. On April 18, 2016, Plaintiff filed a non-dischargeability action, asserting only nondischargeability claims based on 11 U.S.C. §§ 523(a)(5) and (a)(15), for domestic support obligations.

Plaintiff failed to serve the Defendant and to date, has only served Defendant's counsel. As a consequence, there is no effective service and the Defendant is under no duty to file an Answer or any other responsive pleading.

Plaintiff improperly filed a Declaration and Request for Entry of Default, which this Honorable Court granted, and Defendant has moved to set aside the default. Dkt#11.

Defendant's counsel repeatedly contacted both attorneys for Plaintiff and advised that there is no basis for Plaintiff's filing of an AP, that it is in fact frivo-

lous, as there is a final judgment from the Family Court for domestic support obligations against Defendant and domestic support obligations are non-dischargeable under 11 U.S.C. § 525(a)(5) and (15). Plaintiff, through counsel, admits, that her "ultimate goal in this action is to seek an order garnishing Defendant's Civil Service Retirement Benefits in satisfaction of the judgment against Defendant for unpaid spousal support." Dkt#16 at p. 5. Defendant's counsel further advised that trying to create a second judgment in an attempt to collect an obligation that has already been adjudicated in Plaintiff's favor and is non-dischargeable, is clearly in violation of Rule 9011.

Plaintiff's counsel admit that they seek to obtain a writ of garnishment. Dkt#16 at p.5. However, Plaintiff already has an enforceable and non-dischargeable judgment. That is undisputed. Plaintiff's counsel further admit that they could not obtain the garnishment of Defendant's retirement benefits and therefore have begun this second attempt to collect and harass the Defendant, because they were unsuccessful in Family Court. Clearly, the matter is adjudicated and thus, *res judicata*. Any further misplaced "second-collection" attempts by Plaintiff are a waste of judicial resources and warrant sanctions. Debtor has submitted its 21-day safe harbor letter to Plaintiff's counsel and will file the Rule 9011 Motion for Sanctions promptly upon expiration of the deadline.

II.     STATEMENT OF JURISDICTION AND VENUE.

This Court has jurisdiction over non-dischargeability matters and venue would be proper had the AP been properly begun. However, because a Family Court judgment for DSOs exists, the matter is *res judicata* and this Court does not have jurisdiction over this particular matter. Should this Honorable Court hear the matter, Defendant respectfully submits that the Court should abstain and not entertain Plaintiff's continued collection attempts over which the Family Court has continued jurisdiction.

III.    JURY TRIAL

To date, neither party has demanded a jury trial.

IV.     INITIAL DISCLOSURES

Neither party has made initial disclosures.

V.      STATUS OF DISCOVERY AND MOTIONS

The parties have not commenced formal discovery. Defendant will file shortly his Rule 9011 Motion for Sanctions.

VI.     SPECIAL PROCEDURES

None.

VII.    RELATED CASES

None.

VIII.   ADDITIONAL MATTERS

The Defendant is not amenable to settlement discussions nor to alternative dispute resolution options as Defendant will not support continued litigation of this already adjudicated matter.

DATED: June 10, 2016.

>ABELMANN PETERSON ROLLINS LLLC
>
> /s/Lars Peterson
> LARS PETERSON
> Attorneys for Defendant
> DWAYNE K. MENDOZA

5

U.S. Bankruptcy Court - Hawaii   #16-90020   Dkt # 17   Filed  06/10/16   Page 5 of 5