ABELMANN PETERSON ROLLINS LLLC

LARS PETERSON 8604
OFIR RAVIV 10413
677 Ala Moana Blvd. Ste. 1009, Honolulu, Hawaii 96813
Tel 808.589.1010  Fax 888.797.7471
lars@abelmannlaw.com | ofir@abelmannlaw.com

Attorneys for Debtors DWAYNE K. MENDOZA and NILA T. MENDOZA

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| In re | ) | CASE NO. 13-01333 |
|---|---|---|
| | ) | (Chapter 7) |
| DWAYNE K. MENDOZA and | ) | |
| NILA T. MENDOZA, | ) | DEBTORS' RESPONSE TO |
| | ) | REQUEST FOR ENTRY OF |
| Debtors. | ) | DEFAULT JUDGMENT. |
| _____ | ) | |
| CAROLYN P. MENDOZA,    ) | ) | |
| | ) | |
| Plaintiff. | ) | |
| | ) | |
| DWAYNE K. MENDOZA, | ) | |
| | ) | Date:    July 15, 2016 |
| Defendant. | ) | Time:    10:00 a.m. |
| _____ | ) | Judge:   Hon. Robert J. Faris |

DEBTORS' RESPONSE TO REQUEST FOR ENTRY OF DEFAULT JUDGMENT.

DWAYNE K. MENDOZA and NILA T. MENDOZA (Debtors or Defendants),

through their Attorneys, Abelmann Peterson Rollins LLLC, respectfully file this

RESPONSE TO REQUEST FOR ENTRY OF DEFAULT JUDGMENT (Request) filed by Plaintiff.

1.  Defendants incorporate their previously filed Motion to Set Aside Entry of Default, Dkt#11, including Exhibit A, and the Declaration of Dwayne K. Mendoza, Dkt#13.

2.  Plaintiff failed to serve the AP Complaint and Summons on Debtor, service is therefore defective and Plaintiff/Plaintiff's counsel, misled this Court and the Clerk of Court about the appropriateness of Plaintiff's Request for Clerk's Entry of Default.

3.  Plaintiff filed this AP on April 18, 2016. Plaintiff also filed a Summons that day, and the related certificate of service reflects service on Defendants' attorneys only. Dkt#3.

4.  As evidenced by Defendant's Declaration, Defendant never received a copy of the Summons and Complaint. The documents and pleadings in this matter through May 18, 2016 are consistent with that statement.

5.  In the interim, Defendant served Plaintiff and her counsel with a 21-day "safe harbor letter" and copy of a motion for sanctions required under Fed. R. Bankr. P. 9011, indicating that he intends to file a motion for sanctions should this adversary proceeding not be withdrawn.  That letter and corresponding motion

are appended as Exhibit "A" to Defendants' Motion to Set Aside Default. To date, Defendant has not received a response to his safe harbor letter.

6. On May 19, 2016, the same date the Request for Clerk's Entry of Default was filed, a supplemental certificate of service was filed by Plaintiff's attorney Dan S. Ikehara indicating that service had been accomplished on Debtor over one month prior [Dkt#4]. Defendant maintains that this assertion is false, and respectfully requests an order from this Court setting aside the entry of default and directing Plaintiff to serve Debtor with the Summons and Complaint. Should Plaintiff and Plaintiff's counsel indeed serve the Summons and Complaint on Debtor, then Debtor can file a Motion to Dismiss.

7. Consequently, service was and remains insufficient.

8. For the foregoing reason alone, Plaintiff's request for Entry of Default Judgment is not well taken.

9. In addition, there was no need for Plaintiff to initiate this AP, nor to incur—and pray for—additional costs of $350.00 for the filing of the Complaint.

10. But, more importantly and as previously stated: bringing this AP is improper. All Plaintiff—or her counsel—is seeking is an alternative means of collection of an existing, undisputed, final judgment from the Family Court that is statutorily non-dischargeable—which Plaintiff freely admits. *See* Dkt#16, p.5 of 16.

11. Plaintiff's counsel misguidedly state that Defendant filed a bankruptcy proceeding [sic], "in an apparent attempt to discharge his spousal support obligation . . . [.]" Obviously, the Bankruptcy Code does not permit discharging domestic support obligations (which include spousal support) and Plaintiff's counsel repeatedly reference this fact themselves.

12. Defendant's counsel repeatedly contacted both attorneys for Plaintiff and advised that there is no basis for Plaintiff's filing of an AP, that it is in fact frivolous, as there is a final judgment from the Family Court for domestic support obligations against Defendant and domestic support obligations are non-dischargeable under 11 U.S.C. § 525(a)(5) and (15). Plaintiff, through counsel, admits, that her "ultimate goal in this action is to seek an order garnishing Defendant's Civil Service Retirement Benefits in satisfaction of the judgment against Defendant for unpaid spousal support." Dkt#16 at p. 5. Defendant's counsel further advised that trying to create a second judgment in an attempt to collect an obligation that has already been adjudicated in Plaintiff's favor and is non-dischargeable, is clearly in violation of Rule 9011.

13. Plaintiff's counsel admit that they seek to obtain a writ of garnishment. Dkt#16 at p.5. However, Plaintiff already has an enforceable and non-dischargeable judgment. That is undisputed. Plaintiff's counsel further admit

4

that they could not obtain the garnishment of Defendant's retirement benefits and therefore have begun this second attempt to collect and harass the Defendant, because they were unsuccessful in Family Court. Clearly, the matter is adjudicated and thus, *res judicata*. Any further misplaced "second-collection" attempts by Plaintiff are a waste of judicial resources and warrant sanctions. Debtor has submitted its 21-day safe harbor letter to Plaintiff's counsel and will file the Rule 9011 Motion for Sanctions promptly upon expiration of the deadline.

14. While this Court has jurisdiction over non-dischargeability matters and venue would be proper had the AP been properly begun, because a Family Court judgment for DSOs exists, the matter is *res judicata* and this Court does not have jurisdiction over this particular matter. Should this Honorable Court hear the matter, Defendant respectfully submits that the Court should abstain and not entertain Plaintiff's continued collection attempts over which the Family Court has continued jurisdiction.

WHEREFORE, Defendants respectfully request that this Honorable Court:

a) Grant Defendants' Motion to Set Aside Entry of Default;

b) Denies Plaintiff's Request for Entry of Default Judgment;

c) Direct Plaintiff to serve the Defendants properly so that the Defendants can file a Motion to Dismiss;

d) Award Defendants their costs and fees incurred in the unnecessary defense of this matter; and

e) Grant such other relief as this Court deems proper.

DATED: Honolulu, Hawaii, July 1, 2016.

ABELMANN PETERSON ROLLINS LLLC

/s/ Lars Peterson
LARS PETERSON
Attorneys for Debtors DWAYNE K. MENDOZA and
NILA T. MENDOZA