ABELMANN PETERSON ROLLINS LLLC

LARS PETERSON 8604
OFIR RAVIV 10413
677 Ala Moana Blvd. Ste. 1009, Honolulu, Hawaii 96813
Tel 808.589.1010  Fax 888.797.7471
lars@abelmannlaw.com | ofir@abelmannlaw.com

Attorneys for Debtors DWAYNE K. MENDOZA and NILA T. MENDOZA

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| In re | ) | CASE NO. 13-01333 |
| | ) | (Chapter 7) |
| DWAYNE K. MENDOZA and | ) | |
| NILA T. MENDOZA, | ) | AP CASE NO. 16-90020 |
| | ) | |
| Debtors. | ) | DEBTORS' MOTION FOR |
| _____ | ) | SANCTIONS AGAINST CREDITOR |
| CAROLYN P. MENDOZA, | ) | CAROLYN P. MENDOZA AND/OR |
| | ) | HER COUNSEL PURSUANT TO FED |
| Plaintiff. | ) | R. BANKR. P. 9011 |
| | ) | |
| DWAYNE K. MENDOZA, | ) | |
| | ) | Date:     August 18, 2016 |
| Defendant. | ) | Time:    10:00 a.m. |
| _____ | ) | Judge:   Hon. Robert J. Faris |

DEBTORS' MOTION FOR SANCTIONS AGAINST CREDITOR CAROLYN P.
MENDOZA AND/OR HER COUNSEL PURSUANT TO FED. R. BANKR. P. 9011

Debtors DWAYNE K. MENDOZA and NILA T. MENDOZA ("Debtor"), by

and through the undersigned attorneys, Abelmann Peterson Rollins LLLC,

hereby move this Court for an order as follows:

A. Awarding sanctions to Debtor against Creditor CAROLYN P. MENDOZA ("Carolyn Mendoza") and/or her counsel, DAN S. IKEHARA and JOYCE J. UEHARA for frivolously and improperly making representations to the court that are being presented i) to cause unnecessary delay, and ii) to cause needless increase in the cost of litigation;

B. Granting Debtors their expenses and attorneys' fees incurred for litigating this action; and

C. Granting Debtors such other and further relief as the court deems appropriate.

This motion is made pursuant to §§ 105 of the Bankruptcy Code; Rules 1001, 7012 and 9011 of the Federal Rules of Bankruptcy Procedure; Rule 16 of the Federal Rules of Civil Procedure, and 28 U.S.C. § 1927, and is supported by the Declaration of Lars Peterson, the exhibits attached hereto, the records and files herein, and such further argument as may be made by counsel at the hearing herein.

DATED:   Honolulu, Hawaii, <u>July 6, 2016</u>.

          ABELMANN PETERSON ROLLINS LLLC

          <u>/s/Lars Peterson</u>
          LARS PETERSON
          Attorneys for Debtors DWAYNE K. MENDOZA
          and NILA T. MENDOZA

ABELMANN PETERSON ROLLINS LLLC

LARS PETERSON 8604
OFIR RAVIV 10413
677 Ala Moana Blvd. Ste. 1009, Honolulu, Hawaii 96813
Tel 808.589.1010  Fax 888.797.7471
lars@abelmannlaw.com | ofir@abelmannlaw.com

Attorneys for Debtors DWAYNE K. MENDOZA and NILA T. MENDOZA

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re | CASE NO. 13-01333 |
| | (Chapter 7) |
| DWAYNE K. MENDOZA and NILA T. MENDOZA, | AP CASE NO. 16-90020 |
| Debtors. | |
| CAROLYN P. MENDOZA, | MEMORANDUM IN SUPPORT OF MOTION |
| Plaintiff. | |
| DWAYNE K. MENDOZA, | |
| | Date:  August 18, 2016 |
| Defendant. | Time:  10:00 a.m. |
| | Judge: Hon. Robert J. Faris |

<u>MEMORANDUM IN SUPPORT OF MOTION</u>

Debtors DWAYNE K. MENDOZA and NILA T. MENDOZA ("Debtors"), by and through the undersigned attorneys, Abelmann Peterson Rollins LLLC, hereby make the following representations in support of their Motion for Sanctions Against Creditor CAROLYN P. MENDOZA ("Carolyn Mendoza")

and/or her Counsel, DAN S. IKEHARA and JOYCE J. UEHARA Pursuant to Fed. R. Bankr. P. 9011, and for expenses and attorneys' fees to be awarded to Plaintiffs ("9011 Motion").

Rule 9011 sanctions are warranted in this case for the following reasons:
Carolyn Mendoza's Adversary Complaint to Determine Dischargeability of Debt ("Complaint") is frivolous and improper because it is untimely without a valid exception; it is unnecessary under the Bankruptcy Code; it seeks to harass Debtor; and it needlessly increases the cost of litigation. For each of the foregoing reasons, Debtor respectfully requests that this Court grant the 9011 Motion.

**I. Factual Background**

Debtors struggled for some time with their finances after retirement reduced income and they fell behind on mortgage payments. Debtors filed a Chapter 13 bankruptcy in 2013 to obtain relief from their debt. They correctly listed a priority claim in favor of Carolyn Mendoza in an amount listed at $0.00 due to the disputed nature of the debt. Carolyn Mendoza filed two proofs of claim for back alimony and for a share of Debtor's retirement. Although Debtors objected to the alimony claim, the case was converted to Chapter 7 before the court ruled on the objection. After Debtors obtained their

discharge in the Chapter 7, they received further collection attempts by their creditors and moved to reopen their case to pursue the violations in December 2015.  In April 2016, Carolyn Mendoza filed an adversary proceeding styled *Carolyn P. Mendoza v. Dwayne K. Mendoza, Adv. No. 16-90020* in the United States Bankruptcy Court for the District of Hawaii, seeking a determination of the dischargeability of Debtor's domestic support obligation.

## II. Argument

Fed.R. Bankr. P. 9011 provides in relevant part as follows:

> (b)  Representations to the Court.  By presenting to the court (whether by signing, filing, submitting, or later advocating ) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.
>
> (c) Sanctions. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

Sanctions are warranted in the present matter because Carolyn Mendoza and her counsel have filed pleadings and made representations to this Court that are untimely without a valid exception; that are unnecessary under the Bankruptcy Code; that seek to harass Debtor; and that needlessly increase the cost of litigation. Pursuant to Rule 9011(c), the Court may impose sanctions upon the attorneys, law firms, or parties who have violated subdivision (b) by presenting frivolous or improper pleadings, motions, or petitions to the Court, or are responsible for the violation.

Pursuant to Rule 9011, Carolyn Mendoza and her counsel were served with the 9011 Motion via email and first class mail on May 18, 2016, which is at least 21 days prior to the filing of said 9011 Motion. The offending Motion and other pleadings were not withdrawn or appropriately corrected prior to

the filing of the 9011 Motion. *See* Declaration of Lars Peterson, Exh. "A"-"B" [Letter to Carolyn Mendoza and Counsel].

### A. The Adversary Proceeding is Untimely Without a Valid Exception

This Court set a deadline for filing adversary proceedings upon conversion of Debtors' case to Chapter 7. Such deadline was sent to Carolyn Mendoza's attention through her attorney Dan Ikehara and explicitly required a filing by September 8, 2014. Carolyn Mendoza filed her adversary proceeding nearly two years later, without leave of court, and without any applicable exception.

### B. The Assertions Presented in the Adversary Proceeding Are Unnecessary Because the Bankruptcy Code Already Deems These Claims Nondischargeable

Carolyn Mendoza asserts that her claims are nondischargeable because they are domestic support obligations. A simple review of 11 U.S.C. 523 reveals that the types of claims asserted by Carolyn Mendoza are not dischargeable by statute under a 727 discharge. This simple step is an "inquiry reasonable under the circumstances" and should be a necessary step before filing an adversary proceeding. Carolyn Mendoza has already exhausted (unsuccessfully) various collection attempts in state court, and now seeks to manipulate the bankruptcy court into furthering her collection

activities. In doing so, Carolyn Mendoza has unnecessarily multiplied the costs of litigation and seeks to perpetrate a fraud on this Court and on Debtors. This untimely and unnecessary filing justifies the imposition of sanctions pursuant to Rule 9011.

It is evident that the purpose of the adversary proceeding was to harass the Debtors and needlessly increase the cost of litigation, and is cause for sanctions pursuant to Rule 9011.

### III. Conclusion

Based on all the foregoing reasons and authorities, it is respectfully submitted that this 9011 Motion should be granted.

DATED: Honolulu, Hawaii, July 6, 2016.

        ABELMANN PETERSON ROLLINS LLLC

        /s/ Lars Peterson
        LARS PETERSON
        Attorneys for Debtors DWAYNE K. MENDOZA
        and NILA T. MENDOZA