H7016A (10/15)

| Information to identify the case: | | |
|---|---|---|
| Debtor(s) | Dwayne K. Mendoza and Nila T. Mendoza | United States Bankruptcy Court<br>District of Hawaii |
| Parties | Carolyn P. Mendoza, | |
| | Plaintiff(s) | |
| | v. | |
| | Dwayne K. Mendoza, | Bankruptcy Case number: **13–01333**<br>Chapter: **7** |
| | Defendant(s) | Adversary Proceeding No: **16–90020** |

# SCHEDULING ORDER IN AN ADVERSARY PROCEEDING

1. <u>Trial.</u> **Trial shall commence at 09:30 AM on February 7, 2017,** at the United States Bankruptcy Court, 1132 Bishop Street, Suite 250, Honolulu, Hawaii.

2. <u>Discovery.</u> If not previously made, the initial disclosures required by Fed. R. Civ. P. 26(f) and Fed. R. Bankr. P. 7026 must be provided to other parties (but not filed) not later than 30 days after the entry of this order. All parties shall comply with the discovery plan submitted pursuant to Fed. R. Civ. P. 26(f) and Fed. R. Bankr. P. 7026. All discovery must be completed not later than 28 days prior to the trial date. For purposes of this provision, a deposition is completed when the examination of the witness is finished (even if the deposition has not yet been transcribed), and interrogatories, requests for production of documents and things, and requests for admissions are completed when the response thereto is due in accordance with the request and the applicable rule.

3. <u>Motions.</u>

    a. Motions to Join or to Amend. Motions to join other parties or to amend may be filed not later than 28 days after the date of entry of the scheduling order.

    b. Motions for Summary Judgment or to Dismiss. Dispositive motions, including motions for summary judgment or to dismiss, must be filed so as to be heard not later than 28 days before the trial date.

    c. Motions to Compel Discovery. Motions to compel discovery or for discovery sanctions must be heard prior to the discovery cut–off date above.

    d. Motions in Limine. Motions in limine and other objections to witnesses or exhibits may be filed not later than 14 days before the trial date. The title of a motion or objection must clearly identify the subject matter. A response to a motion in limine or other objection may be filed not later than 7 days before the trial date.

    e. Motions to Strike Jury Demand. If a party timely demands a jury trial in this action, the deadline for another party to file a motion to strike the jury demand is 30 days after the date of this order or the date the demand is filed, whichever is later. Unless the court strikes the demand for a jury trial on motion by a party or on the court's own motion, or the parties stipulate to a nonjury trial, the court may recommend to the district court that reference of this proceeding be withdrawn.

4. <u>Briefs.</u> Not later than 14 days before the trial date, each party shall file and serve a brief discussing all significant disputed issues of law, including foreseeable procedural and evidentiary issues, setting forth concisely the party's position and the supporting arguments and authorities. Briefs exceeding 15 pages must include a table of contents and table of authorities.

5. <u>Exhibits.</u>

    a. Deadlines. Not later than 28 days before the trial date, each party must serve on all other parties, but not file with the court, copies of all exhibits, including both evidentiary exhibits and illustrative aids. Unless the court directs otherwise, exhibits may not be submitted to the court until the day of trial.

    b. Marking. Plaintiff's exhibits must be marked with numbers; defendant's exhibits must be marked with letters; additional parties should contact the courtroom deputy for marking instructions. Enlargement of evidentiary exhibits must bear the same exhibit marking as the underlying exhibit. Illustrative aids and enhancements of evidentiary exhibits (e.g., a copy of an exhibit including lines, highlighting, or explanatory text) must be separately listed and marked. At trial, each party must tender to the courtroom deputy the original and two copies of the marked exhibits in tabbed binders.

    c. Objections. Not later than 14 days before the trial date, the parties must meet and confer to make a good faith attempt to resolve any objections to the admissibility of any exhibits. At the commencement of trial, the parties should be prepared to stipulate into evidence all exhibits as to which there were no objections.

6. <u>Written Direct Testimony.</u> The following procedures shall apply unless (i) a party files an objection thereto within 14 days after the entry of this order and the court sustains the objection or (ii) the court orders otherwise:

    a. Not later than 28 days before the trial date, each plaintiff shall file and serve (i) one or more declarations, under penalty of perjury, containing all direct testimony that constitutes the plaintiff's case in chief, including appropriate foundational evidence for all exhibits the plaintiff intends to offer, and (ii) comprehensive lists of the plaintiff's witnesses and exhibits.

    b. Not later than 14 days before the trial date, each defendant shall file and serve (i) one or more declarations, under penalty of perjury, containing all direct testimony that constitutes the defendant's case in chief, including appropriate foundational evidence for all exhibits the defendant intends to offer, (ii) any evidentiary objections to the plaintiff's declarations and exhibits, stated as concisely as they would be if stated orally at trial, (iii) a statement designating which, if any, of the plaintiff's witnesses that the defendant wishes to cross–examine, and (iv) comprehensive lists of the defendant's witnesses and exhibits.

    c. Not later than 7 days before the trial date, each plaintiff shall file and serve (i) one or more declarations, under penalty of perjury, containing all rebuttal testimony that the plaintiff intends to offer, including appropriate foundational evidence for all rebuttal exhibits the plaintiff intends to offer, (ii) any evidentiary objections to the defendant's declarations and exhibits, stated as concisely as they would be if stated orally at trial, (iii) a statement designating which, if any, of the defendant's witnesses that the plaintiff wishes to cross–examine, and (iv) final comprehensive lists of the plaintiff's witnesses and exhibits.

    d. If a party timely designates a witness for cross–examination, and that witness fails to appear at trial for cross–examination, the court will strike and disregard that witness' written direct testimony. This order does not, however, preclude a party from offering a statement of

or testimony by an unavailable witness that is admissible under the Federal Rules of Evidence.

  e. A party may present a witness' direct testimony orally only if the witness is a hostile or adverse witness.

  f. Unless otherwise ordered, the court will not receive any evidence, consider any evidentiary objections, or allow any cross–examination that is not timely presented or requested in accordance with this order.

7. <u>Interpreters.</u> Not later than 28 days before the trial date, any party wishing to use an interpreter for the testimony of one or more witnesses must notify the courtroom deputy of such a request. The party wishing to use the interpreter must verify that the individual has been certified as an interpreter by the Director of the Administrative Office of the United States Courts and indicate whether the selection of the interpreter is agreeable to all parties. The requesting party's witness list must include the name of the interpreter and identify the parties whose testimony will be interpreted.

8. <u>Use of Presentation Equipment.</u> Not later than 14 days before the hearing date, any party wishing to use the electronic presentation equipment in the courtroom shall so inform the courtroom deputy. Anyone using the equipment must familiarize themselves with the court's equipment, test the compatibility of their presentations with the equipment, make alternative arrangements for their presentations in the event of incompatibility or system failure, and provide all other parties with a digital copy (in its native file format) of all materials to be presented.

9. <u>Advisory on Privacy Policy.</u> The federal judiciary's privacy policy restricts the publication of certain personal data in documents filed with the court. Under this policy, parties must present only the last 4 digits of Social Security and financial account numbers, initials and not names of names of minor children, and the year but not the month or day of birth. Any confidential information presented during a hearing will, however, become available to the public when the official transcript is filed. Parties should avoid introducing this information into the record in the first place. If a restricted item is mentioned in court, a party may ask to have it stricken from the record or partially redacted to conform to the privacy policy, or the court may do so on its own motion.

10. <u>Continuing Trial.</u> The trial date will be continued only in extraordinary circumstances. The pendency of settlement negotiations or the desire to conduct additional discovery do not constitute extraordinary circumstances.

SO ORDERED.

Date: July 15, 2016

Clerk's Office:
1132 Bishop Street, Suite 250
Honolulu, Hawaii 96813
(808) 522–8100
www.hib.uscourts.gov

Robert J. Faris
United States Bankruptcy Judge