ABELMANN PETERSON ROLLINS LLLC

LARS PETERSON 8604
OFIR RAVIV 10413
677 Ala Moana Blvd. Ste. 1009, Honolulu, Hawaii 96813
Tel 808.589.1010  Fax 888.797.7471
lars@abelmannlaw.com | ofir@abelmannlaw.com

Attorneys for Debtors/Defendant
DWAYNE K. MENDOZA and NILA T. MENDOZA

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| In re | ) | Case No. 13-01333 |
| | ) | (Chapter 7) |
| DWAYNE K. & NILA T. MENDOZA, | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | Adversary Proceeding No. 16-90020 |
| CAROLYN P. MENDOZA, | ) | |
| | ) | **DEFENDANT DWAYNE K. MENDOZA'S** |
| Plaintiff, | ) | **ANSWER TO COMPLAINT.** |
| | ) | |
| vs. | ) | |
| | ) | |
| DWAYNE K. MENDOZA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**DEFENDANT DWAYNE K. MENDOZA'S ANSWER TO COMPLAINT.**

Defendant DWAYNE K. MENDOZA, through counsel Abelmann Peterson

Rollins, LLLC, states for the Answer to Plaintiff CAROLYN P. MENDOZA's Complaint the following:

## DEFENSES & AFFIRMATIVE DEFENSES
### First Defense

1. Answering paragraphs 1, 2, 3, 6, 7, 9, 10, 11, 12, 13, 14, 15, 17, 18, and 20, Defendant admits the allegations.

2. Answering paragraphs 4, 5, and 8, Defendant denies the allegations.

3. Answering paragraph 16, Defendant realleges and incorporates by reference the answers to each referenced paragraph.

4. Defendants deny all allegations in the Complaint not specifically answered or referred to in this Answer.

5. In response to paragraph 19, Defendant states that the documents speak for themselves and while an amount is set forth in an order issued by the Family Court, the final amount owed based on non-bankruptcy law that determines general enforceability of amounts owed has not yet been determined but can be easily determined by the family court.

### Second Defense
(Failure to State a Claim, Defendants' Counterclaim Rights, Setoff & Mootness)

6. The Complaint fails to state a claim against Defendant upon which re-

2

U.S. Bankruptcy Court - Hawaii   #16-90020   Dkt # 40   Filed  08/08/16   Page 2 of 4

lief can be granted.

### Third Defense
### (Lack of Personal Jurisdiction)

7. This Court lacks personal jurisdiction over the Defendant.

### Fourth Defense
### (Contract Defenses)

8. Plaintiff's claims are barred: a) by the defense of negligence and/or contributory negligence; b) by Plaintiff's breach of contracts, including all of those contracts referenced in Plaintiff's complaint; and c) by Plaintiff's failure to act in good faith.

### Fifth Defense
### (Affirmative Defenses)

9. Defendant asserts all applicable defenses and affirmative defenses, including estoppels, equitable estoppels, unclean hands, statutes of limitation, statute of frauds, laches, settlement, compromise, accord and satisfaction, lack of consideration, assumption of risk, and in pari delicto and all other defenses and matters constituting an avoidance or an affirmative defense as are set for the in or are permitted by Rules 8 and 12 of the Federal Rules of Civil Procedure, the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Hawaii Revised Statutes. To the extent necessary or appropriate, Defendants

will seek to amend this Answer to allege such and additional defenses of which Defendant may become aware during the pendency of this matter.

WHEREFORE, Defendant prays that the claim in Plaintiff's Complaint be dismissed with prejudice, that Defendant be awarded reasonable attorney's fees and costs incurred, including statutory attorney's fees pursuant to 11 U.S.C. § 523(d), and that the Court grant Defendant such other and further relief as is appropriate.

DATED: Honolulu, Hawaii, August 9, 2016.

          ABELMANN PETERSON ROLLINS, LLLC

          By:/s/Lars Peterson
          Lars Peterson
          ATTORNEYS FOR DEFENDANT
          DWAYNE K. MENDOZA