ABELMANN PETERSON ROLLINS LLLC

LARS PETERSON 8604
OFIR RAVIV 10413
677 Ala Moana Blvd. Ste. 1009, Honolulu, Hawaii 96813
Tel 808.589.1010  Fax 888.797.7471
lars@abelmannlaw.com | ofir@abelmannlaw.com

Attorneys for Debtors/Defendant
DWAYNE K. MENDOZA and NILA T. MENDOZA

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re ) | Case No. 13-01333 |
| ) | (Chapter 7) |
| DWAYNE K. & NILA T. MENDOZA, ) | |
| ) | |
| Debtors. ) | |
| _____ ) | |
| ) | Adversary Proceeding No. 16-90020 |
| CAROLYN P. MENDOZA, ) | |
| ) | **DEFENDANT DWAYNE K. MENDOZA'S** |
| Plaintiff, ) | **MOTION TO ABSTAIN.** |
| ) | |
| vs. ) | |
| ) | |
| DWAYNE K. MENDOZA, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**DEFENDANT DWAYNE K. MENDOZA'S MOTION TO ABSTAIN.**

Defendant DWAYNE K. MENDOZA, through counsel Abelmann Peterson

Rollins, LLLC, moves this Honorable Court to abstain pursuant to 28 U.S.C. § 1334(c).

## I. BACKGROUND.

On October 1, 2014, the Family Court entered an Amended Judgment against Defendant in the amount of $103,511.78. *See* AP Dkt#1, Exhibit 5, pp.18-19. This amount is owed for a domestic support obligation.

On April 18, 2016, Plaintiff filed this AP Complaint seeking non-dischargeability of this debt. AP Dkt#1.

Plaintiff is seeking an alternative means of collection of an existing, undisputed, final judgment from the Family Court that is statutorily non-dischargeable—which Plaintiff freely admits. *See* Dkt#16, p.5 of 16.

## II. DISCUSSION.

### 1. Mandatory Abstention.

This Court should abstain because the requirements for mandatory abstention are met.

28 U.S.C. § 1334(c)(2) provides:

Upon timely motion of a party in a proceeding based upon State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court

2

of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

*Id*. A court must abstain if all seven requirements are met:

(1) A timely motion; (2) a purely state law question; (3) a noncore-proceeding per § 157(c)(1); (4) a lack of independent federal jurisdiction absent the petition under Title 11; (5) that an action is commenced in a state court; (6) the state court action may be timely adjudicated; (7) a state forum of appropriate jurisdiction exists.

*In re Gen. Carriers Corp.*, 258 B.R. 181, 190 (BAP 9th Cir. 2001), quoting *In re World Solar Corp.*, 81 B.R. 603, 606 (Bankr. S. D. Cal. 1988).

Ad (1): The moving Defendant timely filed his motion.

Ad (2): The Plaintiff seeks enforcement of its Amended Judgment, which was entered by the Family Court. The amount was determined and the debt is statutorily not dischargeable. *See* 11 U.S.C. § 523(a)(5), (15).

Ad (3): This matter is truly a noncore proceeding because all the Plaintiff seeks is enforcement of her nondischargeable Family Court judgment.

Ad (4): There is no federal jurisdiction over family law matters, including determination of domestic support obligations, such as in the present case.

Ad (5): An action has not only been commenced but already completed and resulted in issuance of the Amended Judgment by the Family Court.

3

Ad (6): The Family Court already has fully adjudicated the action and final judgment entered.

Ad (7): The Family Court for the State of Hawaii had and continues to have jurisdiction.

Based on the foregoing, all requirements for mandatory abstention are met and this Honorable Court must abstain.

2. Discretionary Abstention.

28 U.S.C. § 1334(c)(1) controls discretionary abstention and states:

Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

*Id*. The Ninth Circuit has set out 12 factors are court should consider in determining appropriateness of discretionary abstention:

(1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable law; (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree or relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted 'core' proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgment to be entered in state

4

court with enforcement left to the bankruptcy court; (9) the burden of [the bankruptcy court's] docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence in the proceeding of nondebtor parties.

*In re Tucson Estates, Inc.*, 912 F.2d 1162, 1167 (9th Cir. 1990) (quoting *In re Republic Reader's Serv., Inc.*, 81 B.R. 422, 429 (Bankr. S. D. Tex. 1987)). A court must weigh all of these factors against each other and cans abstain if fewer than all factors weigh in favor of abstention. *Id*.

Ad (1): Effect on Administration of the Estate:

There is no effect on the administration of the estate because the Plaintiff solely seeks to enforce its nondischargeable DSO judgment from otherwise exempt retirement funds. This weighs in favor of abstention.

Ad (2): State Law Issues Predominate over Bankruptcy Issues:

This matter concerns enforcement of a Family Court judgment. It concerns a nondischargeable DSO with a determined amount. Consequently, there are no bankruptcy issues and solely state law issues of enforcement, which are still ongoing. This weighs in favor of abstention.

Ad (3): Difficulty or Unsettled Nature of Applicable Law:

There is no difficulty with or unsettled law present. This factor weighs in fa-

U.S. Bankruptcy Court - Hawaii   #16-90020   Dkt # 41   Filed 08/08/16   Page 5 of 10

vor of abstention.

Ad (4): Presence of a Related Proceeding in State Court:

This matter has been fully adjudicated in the Family Court and solely concerns enforcement of a Family Court judgment, which concerns nondischargeable DSO obligations with an amount certain. This factor weighs in favor of abstention.

Ad (5): Jurisdictional Basis Other Than 28 U.S.C. § 1334:

There is no other federal jurisdictional basis: this concerns solely enforcement of a nondischargeable Family Court DSO judgment. This factor weighs in favor of abstention.

Ad (6): Degree of Relatedness or Remoteness to Bankruptcy Case:

The enforcement of the Family Court judgment is remote to the bankruptcy case. This is a mere attempt by Plaintiff to proceed with her otherwise not entirely successful collection efforts in the Bankruptcy Court, but this doesn't create any relatedness. This factor weighs in favor of abstention.

Ad (7): Substance Rather Than Form of "Core" Proceeding:

This matter only appears to be a "core" proceeding: Plaintiff in its AP Complaint seeks a nondischargeable judgment against Defendant for a DSO obligation. Yet, the matter already has been fully adjudicated in the Family Court and is still

6

pending there. The amount has been determined. Plaintiff's claim is statutorily nondischargeable pursuant to 11 U.S.C. § 523(a)(5), (15). The true nature of the proceeding is enforcement of a nondischargeable debt and final judgment. *See* Dkt#16, p.5 of 16. Consequently, this factor also weighs in favor of abstention.

    Ad (8): Feasibility of Severing State Law Claims from Core Bankruptcy Matters:

Any portion of this matter that might have related to a "core" proceeding has already been resolved: there is a final judgment for a nondischargeable amount owed by Defendant to Plaintiff. All that remains is enforcement of this debt. This factor also weighs in favor of abstention.

    Ad (9): Burden of Bankruptcy Court's Docket:

Because this matter is practically resolved, it is not necessary for the Bankruptcy Court to remain involved. And this matter has been adjudicated in the Family Court, was on appeal before the Intermediate Court of Appeals, and is again before the Family Court. This matter was fully decided in the Family Court and consequently, it would be burdensome to unnecessarily waste judicial resources and leaves this matter ongoing in this Honorable Court. This factor weighs in favor of abstention.

    Ad (10): Likelihood that Commencement in Bankruptcy Court Involves Fo-

7

U.S. Bankruptcy Court - Hawaii  #16-90020  Dkt # 41  Filed 08/08/16  Page 7 of 10

rum Shopping:

The facts of this case make it clear that this case is a prime example of forum shopping: Plaintiff is presumably frustrated as she hasn't fully collected from Defendant yet and simply tries to abuse and burden the bankruptcy court system by reasserting a fully adjudicated, nondischargeable judgment, solely for the purpose of obtain a writ of execution or any other form of collection from this Court. Defendant is regularly making payments to Plaintiff, but Plaintiff seeks to seize Defendant's retirement funds, when Defendant barely can afford to remain in his house.

Not only is this forum shopping, but this proceeding also frustrates one—if not the—core principle of bankruptcy law: to provide a debtor with a fresh start. What Plaintiff is trying to do here is to punish a person for filing bankruptcy by seeking enforcement of a final Family Court judgment for a nondischargeable debt. Permitting a plaintiff to go forward here would be setting precedent in that it indicates that every ex-spouse should seek enforcement of these kinds of claims in the Bankruptcy Court when the Family Court might not make such an ex-spouse happy with its rulings or might take a certain time to resolve issues. But exactly those issues should be presented and adjudicated in the Family Court, which is

8

U.S. Bankruptcy Court - Hawaii   #16-90020   Dkt # 41   Filed  08/08/16   Page 8 of 10

best suited to determine DSOs and adjudicate them. This matter has already been complete; but Plaintiff, through counsel, is attempting to forum shop and to frustrate the fresh start principle of bankruptcy law.

This factor weighs in favor of abstention.

Ad (11): Existence of a Right to Jury Trial:

There is no right to jury trial without a demand and the matter already has been fully adjudicated.

Ad (12): Presence of Nondebtor Parties:

There are no nondebtor parties present in this case. However, the matter has been fully adjudicated in the Family Court; there is a final judgment for a non-dischargeable DSO. Except for Plaintiff's ill-suited attempt to collect through the Bankruptcy Court, there is absolutely no connection to the bankruptcy case.

This analysis clearly shows that the factors of discretionary abstention heavily favor abstention pursuant to 28 U.S.C. § 1334(c)(1).

### III. CONCLUSION.

In sum, abstention is appropriate. The requirements for mandatory abstention are met and the factors for discretionary abstention heavily weigh in favor of abstention.

9

WHEREFORE, Defendant prays that the claim in Plaintiff's Complaint be dismissed with prejudice, that Defendant be awarded reasonable attorney's fees and costs incurred, including statutory attorney's fees pursuant to 11 U.S.C. § 523(d), and that the Court grant Defendant such other and further relief as is appropriate.

DATED: Honolulu, Hawaii, August 9, 2016.

                                          ABELMANN PETERSON ROLLINS, LLLC

                                          By:/s/Lars Peterson
                                          Lars Peterson
                                          ATTORNEYS FOR DEFENDANT
                                          DWAYNE K. MENDOZA