DAN S. IKEHARA #4242
98-084 Kamehameha Highway
Suite 303B
Aiea, Hawaii 96701
Tel: (808) 485-1420
DSIkehara@aol.com

JOYCE J. UEHARA #3267
98-084 Kamehameha Highway
Suite 303B
Aiea, Hawaii 96701
Tel: (808) 485-1420
aiealawoffice@gmail.com

Attorneys for Creditor/Plaintiff
CAROLYN P. MENDOZA

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In Re:<br><br>DWAYNE K. MENDOZA and<br>NILA T. MENDOZA,<br><br>         Debtors.<br><br>CAROLYN P. MENDOZA,<br><br>         Plaintiff,<br><br>   vs.<br><br>DWAYNE K. MENDOZA,<br><br>         Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 13-01333<br>(Chapter 7)<br><br>Adv. Proc. No. 16-90020<br>(Dischargeability – Domestic Support)<br><br>PLAINTIFF'S MEMORANDUM IN RESPONSE AND IN OPPOSITION TO DEFENDANT DWAYNE K. MENDOZA'S MOTION TO ABSTAIN FILED AUGUST 8, 2016 |

# PLAINTIFF'S MEMORANDUM IN RESPONSE AND IN OPPOSITION TO DEFENDANT DWAYNE K. MENDOZA'S MOTION TO ABSTAIN FILED AUGUST 8, 2016

COMES NOW, Plaintiff/Creditor CAROLYN P. MENDOZA, by and through her attorneys, DAN S. IKEHARA and JOYCE J. UEHARA, and submits the following memorandum in response and in opposition to *Defendant Dwayne K. Mendoza's Motion to Abstain* filed August 8, 2016 (Dkt. #41):

## I. INTRODUCTION

Defendant/Debtor Dwayne K. Mendoza's Motion to Abstain ("Defendant's Motion") seeks an order dismissing Plaintiff's Complaint with prejudice based on 28 U.S.C. § 1334(c)(1). Defendant also seeks an award of attorneys' fees and costs pursuant to 11 U.S.C. § 523(d). Defendant misapplies the abstention doctrine to Plaintiff's claim for relief in this case.

Defendant seems to have forgotten that Plaintiff initially raised her claim in this Court, even before the family court entered its judgment. *Compare In re Mendoza*, *Proof of Claim* (3-1), Aug. 20, 2013, *with Amended Judgment*, Dkt. #1, Pages 18-19. If abstention by this Court was appropriate at any time, it would have been prior to the family court's judgment. Now that Defendant has lost in the family court, and the family court has entered its judgment against Defendant, Defendant is merely asking this Court to turn a blind eye under the guise of abstention. The instant motion is a prejudicial attempt by Defendant to further

delay payment of a debt he admits he owes. Although the purpose of the Bankruptcy Code is to permit debtors a "fresh start," Congress has expressly stated certain exceptions. Here, public policy weighs against allowing Defendant to escape his obligation to support his former spouse. To allow Defendant to further delay this proceeding would be contrary to this express Congressional intent.

## II. LEGAL STANDARD

Defendant's motion is styled as a motion for abstention. However, Defendant is requesting dismissal of Plaintiff's Complaint. *See* Dkt. #41, Page 10. Rule 12(b) of the Federal Rules of Civil Procedure, as made applicable in this proceeding by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, governs motions to dismiss. *See* Fed. R. Bankr. P. 7012(b).

Although Defendant does not specifically invoke FRCP 12(b)(1), which permits a party to assert the defense of lack of subject-matter jurisdiction, Defendant appears to be arguing that this Court lacks subject-matter jurisdiction over Plaintiff's claim. For example, Defendant argues that this Court is required to abstain from deciding this case under the mandatory abstention provisions of 28 U.S.C. § 1334(c). *See* Dkt. #41, Pages 2-4.

Faced with a jurisdictional challenge, this Court must accept as true the material factual allegations in the Complaint, and construe those facts in the light most favorable to the nonmoving party. *See Pride v. Correa*, 719 F.3d 1130, 1133

(9th Cir. 2013) ("Whether we construe Defendants' motion [to dismiss] as one under Rule 12(b)(6) or as a facial attach on subject matter jurisdiction under Rule 12(b)(1), all factual allegations in [the] complaint are taken as true and all reasonable inferences are drawn in his favor."). "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996).

### III.  DISCUSSION

What Plaintiff is attempting to accomplish in this proceeding is nothing new. Indeed, the circumstances of this case are strikingly similar to the circumstances in *Sasson v. Sokoloff (In re Sasson)*, 424 F.3d 864 (9th Cir. 2005), binding in this jurisdiction, in which the court held that a bankruptcy court could enter a judgment in a nondischargeability adversary proceeding where the underlying debt had already been reduced to judgment in a state court. *Id.* at 866. This Court has subject-matter jurisdiction over Plaintiff's claim, and abstention is not appropriate in this case. To the extent that Defendant intends to raise issues related to this Court's subject-matter jurisdiction, Plaintiff addresses those issues first.

**A.  Subject-Matter Jurisdiction**

Defendant argues that this Court lacks jurisdiction to adjudicate Plaintiff's Complaint because "[T]here is no federal jurisdiction over family law matters, including determination of domestic support obligations[.]" Dkt. #41, Page 3.

Plaintiff is not seeking a "determination of domestic support obligations," as Defendant suggests. Rather, Plaintiff is seeking a determination of the dischargeability of the judgment for unpaid spousal support, which the family court has already entered against Defendant.

Federal district courts have original and exclusive jurisdiction over all bankruptcy cases, and original (but nonexclusive) jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334. Federal district courts may refer some or all matters covered by this grant of jurisdiction to the bankruptcy courts. 28 U.S.C. § 157(a). In Hawaii, the federal district court has referred all such matters to the bankruptcy court. *See* Dist. Haw. LR1070.1(a).

A case "arises under" title 11 if it presents claims for relief created or controlled by title 11. *See Wilshire Courtyard v. Cal. Franchise Tax Bd. (In re Wilshire Courtyard)*, 729 F.3d 1279, 1285 (9th Cir. 2013). Cases "arising in" a title 11 case are not created or controlled by title 11, but would not exist but for a bankruptcy case. *See id.* Finally, cases "related to" a title 11 case encompass a variety of matters directly or indirectly related to a bankruptcy case. *See id.* at 1287.

This court has jurisdiction over Plaintiff's claims because they arise under, arise in, and are related to Defendant's bankruptcy case. Plaintiff is seeking a
U.S. Bankruptcy Court - Hawaii   #16-90020   Dkt # 45   Filed  08/10/16   Page 5 of 15

determination that the family court judgment against Defendant is nondischargeable in this or any future bankruptcy proceeding, and is not so discharged in this case. Dkt. #1, Page 5. 28 U.S.C. § 157(b)(2)(I) permits this Court to determine the dischargeability of particular debts. A determination of dischargeability is unique to the bankruptcy process. Plaintiff would not be seeking a determination of dischargeability if Defendant had not instituted his bankruptcy case. The fact that Defendant does not now contest the dischargeability of the family court judgment[1] does not deprive this Court of the power to determine dischargeability.

**B.  Abstention**

**1.  Mandatory Abstention**

Defendant contends that the requirements for mandatory abstention are met. Plaintiff disagrees. 28 U.S.C. § 1334(c)(2) provides as follows:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court

---

[1] Debtors previously objected to Plaintiff's alimony claim. *See In re Mendoza*, Objection to Claim 3, Dkt. #44. Debtors hired Donald L. Spafford, Jr., Esq., as special counsel for the limited purpose of litigating the dischargeability of Plaintiff's alimony claim. *See id.*, Notice of Appearance, Dkt. #43. However, Debtors' objection was never adjudicated because Debtors converted their case from a Chapter 13 proceeding to a Chapter 7 proceeding before this Court could rule on the objection. *See id.*, Order Granting Debtor's Notice of Conversion of Chapter 13 Case to Chapter 7 Case, Dkt. #59. This Court has never entered a determination regarding the dischargeability of Plaintiff's claim.

of the United States absent jurisdiction under [28 U.S.C. § 1334], the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2). This court must abstain if each of the following seven elements are met:

> (1) A timely motion; (2) a purely state law question; (3) a noncore proceeding[,] § 157(c)(1); (4) a lack of independent federal jurisdiction absent the petition under Title 11; (5) that an action is commenced in a state court; (6) the state court action may be timely adjudicated; [and] (7) a state forum of appropriate jurisdiction exists.

*Krasnoff v. Marshack (In re Gen. Carriers Corp.)*, 258 B.R. 181, 190 (B.A.P. 9th Cir. 2001) (quoting *World Solar Corp. v. Steinbaum (In re World Solar Corp.)*, 81 B.R. 603, 606 (Bankr. S. D. Cal. 1988)).

In this case, factors 2, 3, 4, 5 and 7 are not met. A determination of dischargeability of a debt is not a question of state law, but rather a question that arises only in the context of a federal bankruptcy proceeding. Plaintiff is not requesting that this Court determine the question of whether Plaintiff was entitled to an award of alimony, and if so, the amount and duration of such alimony. Plaintiff is not seeking appellate review of the propriety of the family court judgment. *See generally Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) (holding that federal statutory jurisdiction over direct appeals from state courts is beyond original jurisdiction of federal courts); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983) (extending *Rooker* holding to claims that

are "inextricably intertwined" with state court decisions). Here, Plaintiff is a creditor in bankruptcy proceeding under federal law attempting to save the state court judgment from bankruptcy discharge. *See Sasson v. Sokoloff (In re Sasson)*, 424 F.3d 864, 871 (9th Cir. 2005).

To suggest that a state family court can usurp this Court's power to adjudicate proceedings under the Bankruptcy Code is disrespectful of this Court's jurisdiction and authority. No court, other than a bankruptcy court, has jurisdiction to determine the dischargeability of a debt in a bankruptcy proceeding, other than the very court in which a debtor commenced his bankruptcy case. "[F]inal judgments in state courts are not necessarily preclusive in United States bankruptcy courts." *Gruntz v. Cnty. of Los Angeles (In re Gruntz)*, 202 F.3d 1074, 1079 (9th Cir. 2000) (en banc).

It is true that state courts generally have jurisdiction over family law matters. *See generally* Haw. Rev. Stat. §§ 571-11 to 571-14 (granting jurisdiction to Hawaii family courts). However, "Bankruptcy Courts have exclusive jurisdiction over nondischargeability actions[.]" *Sasson v. Sokoloff (In re Sasson)*, 424 F.3d 864, 569 (9th Cir. 2005) (quoting *Rein v. Providian Fin. Corp.*, 270 F.3d 895, 904 (9th Cir. 2001).

In addition, to the extent that Plaintiff may eventually seek garnishment of Defendant's federal retirement benefits administered by the United States Office of

Personnel Management pursuant to federal statutes and federal regulations, federal courts may have independent federal question jurisdiction under 28 U.S.C. § 1331. *See, e.g.*, 42 U.S.C. § 659(a) (providing for garnishment of money due from or payable by United States to an individual enforce individual's legal obligation to provide child support or alimony); 5 C.F.R. § 581.103 (implementing garnishment provisions of 42 U.S.C. § 659(a)). To the extent that the United States may be summoned as a party, the jurisdictional grant of 28 U.S.C. § 1346 may also apply.

Defendant suggests that this matter is a noncore proceeding because "all the Plaintiff seeks is enforcement of her nondischargeable Family Court judgment." Dkt. # 41, Page 3. Although the end result of this adversary proceeding may be that Plaintiff will seek execution on the judgment, Plaintiff specifically requests a determination of dischargeability in her Complaint. *See* Dkt. #1, Page 5. The determination of dischargeability of a particular debt is a core proceeding. 28 U.S.C. § 157(b)(2)(I).

Defendant also suggests that factor 5 is met because the family court case has commenced and concluded. *See* Dkt. #41, Page 3. However, this is not a case where there is a parallel state court proceeding, resulting in inefficiency and the danger of inconsistent judgments. *See generally Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800 (1976) (providing for federal court abstention where parallel state and federal court proceedings are being carried out).

In this case, factors 1 and 6 may be met. Defendant timely filed his motion. *See* Dkt. #41. In addition, the family court case has already been adjudicated. However, because five of the seven requirements for mandatory abstention are not met, this adversary proceeding does not qualify for mandatory abstention.

**2. Discretionary Abstention**

Defendant contends that this Court should nevertheless exercise discretionary abstention. Plaintiff disagrees. 28 U.S.C. § 1334(c)(1) provides:

> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 134(c)(1). A court should consider the following twelve factors in determining whether discretionary abstention is appropriate:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence or a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted 'core' proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (1) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

*Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1167 (9th Cir. 1990) (quoting *In re Republic Reader's Serv., Inc.*, 81 B.R. 422, 429 (Bankr. S. D. Tex. 1987)). A bankruptcy court must weigh these factors, and may apply discretionary abstention even if fewer than all of the factors weigh in favor of abstention. *See id.* In this case, the factors weigh heavily against the exercise of discretionary abstention.

### a. Effect on Administration of the Estate

The debtors' estate in this case has been fully administered, and the debtors have been granted a general discharge. *See In re Mendoza*, Case No. 13-01333, Dkt. # 86. Therefore, this factor does not weigh heavily against or in favor of discretionary abstention.

### b. Predomination of State Law Issues Over Bankruptcy Issues

This predominant law in this case is federal law. In fact, Plaintiff does not cite a single state statute in her Complaint. Plaintiff is seeking a determination of the dischargeability of a debt in a federal bankruptcy proceeding under 11 U.S.C. § 523(a). This factor weighs heavily against abstention.

### c. Difficulty or Unsettled Nature of Applicable Law

The applicable law is not over-complicated or novel. Thus, this factor weighs heavily against abstention.

### d. Presence of a Related Proceeding in State Court

The related state court proceeding has been fully adjudicated. There is no potential for inconsistent judgments. The state court has already entered judgment in favor of Plaintiff, and Plaintiff is seeking to give effect to that judgment. This factor weighs slightly against abstention.

### e. Jurisdictional Basis Other than 28 U.S.C. § 1334

As discussed above, this case will likely eventually involve the garnishment of money paid by the United States to a former federal employee pursuant to a federal retirement plan. This implicates the United States as a potential party, thus providing a jurisdictional basis under 28 U.S.C. §1346, in addition to federal question jurisdiction under 28 U.S.C. § 1331. This factor weighs heavily against abstention.

### f. Degree of Relatedness or Remoteness to Bankruptcy Case

Plaintiff's claims relate to Defendant's bankruptcy case because it pertains to a debt that Defendant initially sought to discharge in this proceeding. *See In re Mendoza*, Objection to Claim 3, Dkt. #44. This factor weighs heavily against abstention.

### g. Substance Rather than Form of "Core" Proceeding

The single count of Plaintiff's Complaint seeks a determination of dischargeability of a particular debt. The determination of dischargeability of a

particular debt is a core proceeding under 28 U.S.C. § 157(b)(2)(I).  Defendant contends that the substance of Plaintiff's claim is non-core.  Plaintiff disagrees.

Regardless of whether or not Plaintiff will ultimately seek execution of the family court judgment, in this or any other court, the substance of this proceeding is to obtain a determination of dischargeability.  There is no question that the substance and the form of Plaintiff's claim is a core proceeding.  This factor weighs heavily against abstention.

### h. Feasibility of Severing State Law Claims from Core Bankruptcy Matters

Plaintiff does not bring any claims based on state law.  Therefore, there would be no need to sever claims.  This factor weighs heavily against abstention.

### i. Burden of Bankruptcy Court's Docket

Neither party has demanded a jury trial, and there is no indication that this particular proceeding would be more burdensome on this Court's docket than any other proceeding to determine dischargeability.  The issues in this case are questions of law.  There are no disputed material issues of fact.  This factor weighs heavily against abstention.

### j. Likelihood that Commencement in Bankruptcy Court Involves Forum Shopping

Plaintiff has been involved in Defendant's bankruptcy case since the commencement of this case, and raised her claim in this Court even before the state

court entered its judgment against Defendant. *See In re Mendoza*, Objection to Chapter 13 Plan, Dkt. #17; Motion for Relief From Automatic Stay, Dkt. #51. Defendant himself drew Plaintiff into this case by naming Plaintiff as a creditor. *See id.* Schedule E, Dkt. #1, Page 19 (naming Plaintiff as unsecured priority creditor); Schedule F, Dkt. #1, Page 22 (naming Plaintiff as unsecured nonpriority creditor).

Defendant cannot have it both ways. Defendant cannot haul Plaintiff into this Court, and later accuse Plaintiff of forum shopping. This factor weighs heavily against abstention.

### k. Existence of a Right to Jury Trial

This court does not have the power to conduct jury trials. However, neither party has demanded a jury trial. This factor weighs neither in favor nor against abstention.

### l. Presence of Nondebtor Parties

Plaintiff is a nondebtor party, but Defendant is a debtor in the underlying bankruptcy case. Therefore, this factor weighs neither in favor nor against abstention.

Under the twelve-factor analysis articulated in *Tucson Estates*, the facts of this case do not heavily favor this Court's exercise of discretionary abstention under 28 U.S.C. § 1334(c)(1), as Defendant suggests.

## IV. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that Defendant's *Motion to Abstain* be denied in its entirety.

DATED: Bothell, Washington, <u>August 10, 2016</u>.

<u>/S/ DAN S. IKEHARA</u>
DAN S. IKEHARA
JOYCE J. UEHARA
Attorneys for Plaintiff/Creditor
CAROLYN P. MENDOZA