DAN S. IKEHARA #4242
98-084 Kamehameha Highway
Suite 303B
Aiea, Hawaii 96701
Tel: (808) 485-1420
DSIkehara@aol.com

JOYCE J. UEHARA #3267
98-084 Kamehameha Highway
Suite 303B
Aiea, Hawaii 96701
Tel: (808) 485-1420
aiealawoffice@gmail.com

Attorneys for Creditor/Plaintiff
CAROLYN P. MENDOZA

## IN THE UNITED STATES BANKRUPTCY COURT

## DISTRICT OF HAWAII

| | | |
|---|---|---|
| In Re: | ) | Case No. 13-01333 |
| | ) | (Chapter 7) |
| DWAYNE K. MENDOZA and | ) | |
| NILA T. MENDOZA, | ) | Adv. Proc. No. 16-90020 |
| | ) | (Dischargeability – Domestic Support) |
| Debtors. | ) | |
| | ) | |
| | ) | PLAINTIFF'S MOTION FOR |
| | ) | JUDGMENT ON THE PLEADINGS |
| CAROLYN P. MENDOZA, | ) | OR FOR SUMMARY JUDGMENT; |
| | ) | MEMORANDUM IN SUPPORT OF |
| Plaintiff, | ) | MOTION |
| | ) | |
| vs. | ) | |
| | ) | |
| DWAYNE K. MENDOZA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLAINTIFF'S MOTION FOR JUDGMENT
## ON THE PLEADINGS OR FOR SUMMARY JUDGMENT

COMES NOW, Plaintiff CAROLYN P. MENDOZA, by and through her attorneys, DAN S. IKEHARA and JOYCE J. UEHARA, and hereby moves this Honorable Court for entry of judgment in Plaintiff's favor on the pleadings filed herein, or alternatively, for entry of summary judgment in Plaintiff's favor, and against Defendant DWAYNE K. MENDOZA.

This motion is brought pursuant to Rules 12(c) and 56 of the Federal Rules of Civil Procedure, as made applicable in this adversary proceeding by Rules 7012(b) and 7056 of the Federal Rules of Bankruptcy Procedure.

This motion is based on the memorandum in support attached hereto, the separate concise statement of material facts filed concurrently herewith, the records and files herein, and such other evidence and argument as may be presented in support of this motion.

DATED: Bothell, Washington, _____ August 19, 2016 _____.


/S/ DAN S. IKEHARA _____
DAN S. IKEHARA
JOYCE J. UEHARA
Attorneys for Plaintiff/Creditor
CAROLYN P. MENDOZA

2

## IN THE UNITED STATES BANKRUPTCY COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| In Re:<br><br>DWAYNE K. MENDOZA and<br>NILA T. MENDOZA,<br><br>               Debtors.<br><br>CAROLYN P. MENDOZA,<br><br>               Plaintiff,<br><br>      vs.<br><br>DWAYNE K. MENDOZA,<br><br>              Defendant. | Case No. 13-01333<br>(Chapter 7)<br><br>Adv. Proc. No. 16-90020<br>(Dischargeability – Domestic Support)<br><br>MEMORANDUM IN SUPPORT OF<br>MOTION |

## MEMORANDUM IN SUPPORT OF MOTION

COMES NOW, Plaintiff CAROLYN P. MENDOZA, by and through her attorneys, DAN S. IKEHARA and JOYCE J. UEHARA, and hereby submits the following memorandum in support of Plaintiff's Motion for Judgment on the Pleadings or for Summary Judgment, filed concurrently herewith.

## I.  INTRODUCTION

This is a factually simple case arising from Defendant's failure to pay spousal support to Plaintiff, as ordered by the Hawaii Family Court. After Defendant filed the underlying bankruptcy case, Plaintiff obtained a judgment from

the Family Court against Defendant for unpaid spousal support in the amount of $103,511.78 plus post-judgment interest. In this adversary proceeding, Plaintiff seeks, *inter alia*, a determination that the Family Court's judgment is nondischargeable in this and any future bankruptcy proceeding.

## II.   FACTS

Plaintiff and Defendant were divorced on October 28, 1993. *See* Separate and Concise Statement ("SCS") ¶1. The Family Court ordered Defendant to pay alimony/spousal support to Plaintiff. *See id.* ¶2.

Defendant filed his chapter 13 bankruptcy petition on August 6, 2013. *See id.* ¶3. Defendant listed Plaintiff's spousal support claim as a priority unsecured debt on his bankruptcy Schedule E. *See id.* ¶4. Defendant acknowledged that Plaintiff's claim is for a domestic support obligation. *See id.* ¶5. Defendant disputed Plaintiff's spousal support claim. *See id.* ¶6.

Plaintiff filed a Proof of Claim for Plaintiff's spousal support claim. *See id.* ¶7. Plaintiff also objected to Defendant's proposed chapter 13 plan because it did not provide for payment of Plaintiff's spousal support claim. *See id.* ¶8. Defendant converted his chapter 13 case to a chapter 7 case. *See id.* ¶9.

On May 28, 2014, the Family Court entered the Order Re: Plaintiff's Motion for Post-Decree Relief Filed 4/14/14, granting judgment against Defendant and in favor of Plaintiff for unpaid spousal support in the amount of $103,011.78

4

plus post-judgment interest. *See id.* ¶10. On June 24, 2014, the Family Court entered Judgment against Defendant and in favor of Plaintiff for unpaid spousal support in the amount of $103,011.78 plus post-judgment interest. *See id.* ¶11.

On August 13, 2014, the Family Court entered the Order Re: Defendant's Motion for Post-Decree Relief Filed 6/13/14 and Plaintiff's Motion for Post-Decree Relief Filed 7/10/14, granting Plaintiff an additional $500.00 in unpaid alimony. *See id.* ¶12. On October 1, 2014, the Family Court entered Amended Judgment against Defendant an in favor of Plaintiff for unpaid spousal support in the amount of $103,511.78 plus post-judgment interest. *See id.* ¶13. On November 7, 2014, Plaintiff recorded the Amended Judgment in the Bureau of Conveyances of the State of Hawaii as Document #A-54240966. *See id.* ¶14.

Plaintiff now seeks a determination by this Court that Plaintiff's spousal support claim in the amount of $103,511.78 is nondischargeable. *See id.* ¶15. It is undisputed that Plaintiff's spousal support claim in the amount of $103,511.78 is nondischargeable. *See id.* ¶16.

### III.   LEGAL STANDARD

#### A.   Judgment on the Pleadings

A Rule 12(c) motion for judgment on the pleadings is virtually identical to a motion under Federal Rule of Civil Procedure 12(b)(6), the only difference being that a 12(c) motion is brought "after the pleadings are closed --

U.S. Bankruptcy Court - Hawaii   #16-90020   Dkt # 47   Filed 08/19/16   Page 5 of 13

but early enough not to delay a trial." Fed. R. Civ. P. 12(c); *see also Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). The court should grant a Rule 12(c) motion for judgment on the pleadings if, accepting all of nonmovants' allegations in its pleading as true, the movant is entitled to judgment as a matter of law. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court's review is generally limited to the contents of the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996). If matters outside the pleadings are considered, the Rule 12(b)(6) motion is treated as one for summary judgment. *See Keams v. Tempe Tech. Inst., Inc.*, 110 F.3d 44, 46 (9th Cir. 1997); *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996).

## B. Summary Judgment

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court should grant summary judgment absent sufficient evidence that a reasonable jury could return a verdict for the non-moving party. *See, e.g., Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 916 (9th Cir. 1996). The moving party "bears the initial responsibility of informing the

6

court of the basis of its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986) (quoting former Fed. R. Civ. P. 56(c)).

Once the moving party satisfies its burden, the burden shifts to the non-moving party to go beyond the pleadings and demonstrate, through the production of evidence listed in Fed. R. Civ. P. 56(c)(1), that there remains a "genuine issue for trial." *Celotex,* 477 U.S. at 324. "This burden is not a light one." *In re Oracle Corp. Sec. Litig.,* 627 F.3d 376, 387 (9th Cir. 2010). "The non-moving party must show more than the 'mere existence of a scintilla of evidence'," or "some 'metaphysical doubt' as to the material facts at issue." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.* ("*Matsushida*")*,* 475 U.S. 574, 586, (1986)).

"In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." *Id.* (citing *Anderson*, 477 U.S. at 252); *see also T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (non-moving party cannot stand on its pleadings or simply assert that it will be able to discredit the moving party's evidence at trial); *State Farm Fire & Cas. Co. v. Willison*, 833 F. Supp. 2d

U.S. Bankruptcy Court - Hawaii   #16-90020   Dkt # 47   Filed 08/19/16   Page 7 of 13

1200, 1209 (D. Haw. 2011) ("The opposing party cannot rest on mere allegations or denials.").  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Nidds*, 113 F.3d at 916 (citation and internal quotation marks omitted); *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 282 (9th Cir. 1979) ("An opposing party may not defeat summary judgment, once the movant has met his burden, in the absence of any significant probative evidence tending to support (his legal theory).") (citation and internal quotation marks omitted).

"In determining whether a jury could reasonably render a verdict in the non-moving party's favor, all justifiable inferences are to be drawn in its favor." *Id.* (citing *Matsushita*, 475 U.S. at 586).  But "if the factual context makes the non-moving party's claim of a disputed fact implausible, then that party must come forward with more persuasive evidence than otherwise would be necessary to show that there is a genuine issue for trial." *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1147 (9th Cir. 1998).

## IV.   ARGUMENT

**A.    Judgment on the pleadings is appropriate because Defendant admitted all material allegations in Plaintiff's Complaint.**

In *Defendant Dwayne K. Mendoza's Answer to Complaint*, Defendant does not deny the existence of the underlying Family Court judgment for his unpaid domestic support obligation to Plaintiff.  In fact, Defendant admits all

8

allegations of Plaintiff's Complaint, except paragraphs 4, 5, and 8. *See* Dkt. #40, Page 2. In paragraph 4 of the Complaint, Plaintiff alleges that this Court has jurisdiction to hear this matter, and that venue is proper. *See* Dkt. #1, Page 2. In paragraph 5 of the Complaint, Plaintiff alleges that this matter is a core proceeding. *See id.* Defendant has contested this Court's jurisdiction by way of a motion to dismiss, styled as a "Motion to Abstain." *See* Dkt. #41. Plaintiff has substantively addressed Defendant's jurisdictional arguments in a responsive memorandum. *See* Dkt. #45. In the event that this Court denies Defendant's Motion to Abstain, Defendant's denial of paragraph 4 of the Complaint would be inapposite, and Plaintiff requests that this Court enter judgment in favor of Plaintiff on the pleadings.

In paragraph 8 of the Complaint, Plaintiff alleges that "Defendant failed to pay alimony to Plaintiff as ordered by the Family Court." *See* Dkt. #1, Page 3. Defendant's denial of paragraph 8 appears to contradict Plaintiff's admission of various other allegations in the Complaint. For example, Defendant admits that the Family Court entered various orders and judgments against Defendant for "past-owed" alimony. *Compare* Dkt. #1,¶¶ 9-14 (alleging factual background regarding family court litigation culminating in the entry of an "Amended Judgment against Defendant for past-owed alimony and interest . . . ."), *with* Dkt. #40, ¶ 1 (admitting such factual allegations). Therefore, to the extent

9

that Defendant does not intend to contest the validity of the debt by way of his denial of paragraph 8, Plaintiff requests that this Court enter judgment in favor of Plaintiff on the pleadings.

**B.      There are no genuine disputes as to any material facts because Defendant acknowledges that the nature of the debt is for a domestic support obligation and the Family Court has entered a money judgment in favor of Plaintiff and against Defendant for $103,511.78.**

The only two material facts in this case are (1) the character and (2) the amount of Defendant's debt to Plaintiff. 11 U.S.C. § 101(14A) defines "domestic support obligation" as a debt that accrues before, on, or after the date of the order for relief, including interest that accrues on that debt as provided under applicable non-bankruptcy law, that is 1) owed to or recoverable by a former spouse of the debtor; 2) in the nature of alimony, maintenance, or support; and 3) established before, on, or after the date of the order for relief, by reason of the applicable provisions of a divorce decree. 11 U.S.C. § 101(14A).

The $103,511.78 debt owed to Plaintiff arises from an express provision of the parties' Divorce Decree, and was intended to be in the nature of a domestic support obligation. Specifically, paragraph 4.b. of the Divorce Decree states as follows:

> b.      <u>Alimony</u>. Beginning with a first payment on October 5, 1993, Defendant shall pay to Plaintiff the sum of $500.00 per month, **<u>as and for alimony</u>**, such amount to be paid in two equal installments of $250.00 on the 5th and 20th days of each month. Each payment of alimony shall be for the month which

10

> begins on the due date of the payment. Alimony shall continue each month until the happening of the first of the death of Plaintiff, the death of Defendant, or Plaintiff's remarriage.

*See* Divorce Decree, Dkt. #1, Page 7. Here, the alimony payments were to terminate on Plaintiff's death or remarriage, which further supports the conclusion that the alimony payments were intended to be in the nature of domestic support. In addition, Defendant has acknowledged in his initial bankruptcy schedules, and on several other occasions in the record, that the nature of the debt he owes to Plaintiff is a domestic support obligation, spousal support, and/or alimony. *See* Separate and Concise Statement ("SCS") ¶¶ 4 and 5; Answer, Dkt. #40.

There is also no dispute regarding the amount of Defendant's domestic support obligation that Defendant failed to pay, because the Family Court has entered judgment against Defendant for a specified sum of $103,511.78 plus post-judgment interest accruing at the statutory rate. *See* SCS ¶13. Plaintiff has not disputed the principal amount of the debt, and the amount of post-judgment interest can be easily calculated.

## C. Plaintiff is entitled to judgment as a matter of law because domestic support obligations are nondischargeable by statute.

Individual debtors are not discharged from any debt for a domestic support obligation. 11 U.S.C. § 523(a)(5); *accord Rose v. Rose*, 481 U.S. 619, 637 (1987) ("Our Anglo-American tradition accords a special sanctity to the support obligation. Unlike other debts, for example, the obligation to support spouse and

11

child . . . may not be discharged in bankruptcy."); *Visness v. Contra Costa Cty. (In re Visness)*, 57 F.3d 775, 776 (9th Cir. 1995) ("[A] debt owed 'to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child' is not dischargeable."); *In re MacDonald*, 41 B.R. 716, 720 (Bankr. D. Haw. 1984) ("Pursuant to [11 U.S.C. § 523(a)(5)], child support and alimony obligations due a former spouse or dependent child can never be discharged in bankruptcy whether the debtor filed under Chapter 7, Chapter 11 or Chapter 13."). Although the purpose of bankruptcy is to give debtors a fresh start, bankruptcy does not relieve a debtor from the obligation to pay support. As the Supreme Court declared:

> Unless positively required by direct enactment, the courts should not presume a design upon the part of Congress, in relieving the unfortunate debtor, to make a law a means of avoiding enforcement of the obligation, moral and legal, devolved upon the husband to support his wife[.]

*Wetmore v. Markoe*, 196 U.S. 68, 77 (1904). Here, there is simply no question, on the plain face of the statute or otherwise, that the law excepts a debtor's domestic support obligations from discharge. The law is clear in that regard, and Defendant's debt should be declared nondischargeable.

## V.    CONCLUSION

Defendant failed to pay $103,511.78 in spousal support to Plaintiff. Defendant should not be permitted to use this Court to avoid or further delay

U.S. Bankruptcy Court - Hawaii   #16-90020   Dkt # 47   Filed 08/19/16   Page 12 of 13

payment, and to effectively nullify a valid and enforceable judgment rendered by the Hawaii Family Court.  Therefore, Plaintiff respectfully requests that her Motion be granted for the relief requested in the Complaint.

DATED: Bothell, Washington, _____ August 19, 2016 _____.


/S/ DAN S. IKEHARA _____
DAN S. IKEHARA
JOYCE J. UEHARA
Attorneys for Plaintiff/Creditor
CAROLYN P. MENDOZA

U.S. Bankruptcy Court - Hawaii   #16-90020   Dkt # 47   Filed 08/19/16   Page 13 of 13