DAN S. IKEHARA #4242
98-084 Kamehameha Highway
Suite 303B
Aiea, Hawaii 96701
Tel: (808) 485-1420
DSIkehara@aol.com

JOYCE J. UEHARA #3267
98-084 Kamehameha Highway
Suite 303B
Aiea, Hawaii 96701
Tel: (808) 485-1420
aiealawoffice@gmail.com

Attorneys for Creditor/Plaintiff
CAROLYN P. MENDOZA

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In Re:<br><br>DWAYNE K. MENDOZA and<br>NILA T. MENDOZA,<br><br>         Debtors.<br><br>CAROLYN P. MENDOZA,<br><br>         Plaintiff,<br><br>vs.<br><br>DWAYNE K. MENDOZA,<br><br>         Defendant. | Case No. 13-01333<br>(Chapter 7)<br><br>Adv. Proc. No. 16-90020<br>(Dischargeability – Domestic Support)<br><br>PLAINTIFF'S MEMORANDUM IN RESPONSE AND IN OPPOSITION TO DEFENDANT'S MOTION TO CONTINUE HEARING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

# PLAINTIFF'S MEMORANDUM IN RESPONSE AND IN OPPOSITION TO DEFENDANT'S MOTION TO CONTINUE HEARING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

COMES NOW, Plaintiff CAROLYN P. MENDOZA, by and through her attorneys, DAN S. IKEHARA and JOYCE J. UEHARA, and hereby submits the following memorandum in response and in opposition to Defendant's Motion to Continue Hearing on Plaintiff's Motion for Summary Judgment filed September 6, 2016 (Dkt. #53):

In addition to the present motion to continue, there are two motions pending before this Court. In Defendant's Motion to Abstain, which is essentially a motion to dismiss, Defendant asks this Court to stay further litigation in this adversary proceeding. Plaintiff's Motion for Summary Judgment asks this Court to grant summary judgment in Plaintiff's favor. Both motions are currently set for hearing on September 30, 2016. Defendant has not filed a response to Plaintiff's Motion for Summary Judgment, and instead asks this Court to continue the hearing on the motion.

In his Motion to Continue, Defendant appears to be reiterating the arguments he has already made in his Motion to Abstain. *See, e.g.*, Dkt. #53, Page 4, ¶¶ 7 and 9. These arguments are irrelevant to Defendant's request for a continuance, and Plaintiff addressed these arguments in her response to Defendant's Motion to Abstain.

2

Plaintiff contends that Defendant is attempting to unnecessarily delay litigation of this matter. As Defendant notes, Plaintiff offered to stipulate to extend the deadline for Defendant to respond to Plaintiff's Motion for Summary Judgment. *See* Dkt. # 53, Page 4, ¶10. Accordingly, this is not a scenario where Defendant needs additional time to prepare an adequate defense. Defendant has not presented a reason why he cannot present facts or argument to justify his opposition to Plaintiff's Motion for Summary Judgment by the hearing date. Instead, Defendant offers generic excuses.

Defendant also requests a continuance because he "simply cannot afford to continue this improper litigation." Dkt. #53, Page 5, ¶ 11. First, Defendant wrongly assumes that this litigation is improper. As this Court has stated, it is in Plaintiff's best interest to err on the side of caution and seek a judicial determination of the dischargeability of the subject debt.

Plaintiff previously offered to enter into a stipulation with Defendant to reduce the number of disputed issues in this case.[1] *See Certificate of Service*, Aug. 10, 2016, Dkt. #44 (evidencing Plaintiff's service of proposed settlement offer to Defendant). However, instead of discussing settlement with Plaintiff, which would certainly result in reduced litigation costs, Defendant has ignored Plaintiff's settlement proposals.

---

[1] This Court may admit evidence concerning compromise offers and negotiations for the purpose of a contention of undue delay. *See* Fed. R. Evid. 408(b).

3

U.S. Bankruptcy Court - Hawaii   #16-90020   Dkt # 54   Filed 09/07/16   Page 3 of 5

Second, by requiring Defendant's counsel to attend two separate hearings, instead of a single hearing on both motions, Defendant would presumably incur more attorneys' fees for two separate hearings, rather than attorneys' fees for a single hearing. Although it is true that Defendant will need to incur attorneys' fees to prepare a response to Plaintiff's Motion for Summary Judgment, the mere fact that Defendant will incur otherwise reasonable expenses in defending against Plaintiff's claims does not justify a continuance.

Plaintiff notes that there has already been considerable delay in this case, as a result of Defendant's default, subsequent motion to set aside the entry of default, and Defendant's groundless Rule 9011 motion for sanctions against Plaintiff and her attorneys, which Defendant later withdrew. *See* Dkt. #s 6, 11, 27, and 39. Plaintiff has already incurred substantial attorneys' fees in litigating the dischargeability of her claim which, according to Defendant, is not disputed. In addition, this Court has already bent over backwards for Defendants, but at this point, the prejudice to Plaintiff greatly outweighs mere reasonable expenses incurred by Defendant. Each week that passes is another week that Defendant could be concealing his assets and another week that Plaintiff could otherwise be executing on her judgment.

Thusfar, Defendant has failed to raise a single substantive defense to Plaintiff's request for a determination of dischargeability of the subject debt.

4

Rather, Defendant continues to delay this case, notwithstanding the fact that Defendant agrees that the debt is nondischargeable. If the debt is nondischargeable, as Defendant agrees it is, no substantial purpose is served by granting Defendant's continuance request.

For the foregoing reasons, Plaintiff respectfully requests that Defendant's Motion to Continue be denied, and that Plaintiff's Motion for Summary Judgment remain set for hearing on September 30, 2016.

Bothell, Washington,     September 7, 2016    .

/S/ DAN S. IKEHARA
DAN S. IKEHARA
JOYCE J. UEHARA
Attorneys for Plaintiff/Creditor
CAROLYN P. MENDOZA

5