ABELMANN PETERSON ROLLINS LLLC

LARS PETERSON 8604
OFIR RAVIV 10413
677 Ala Moana Blvd. Ste. 1009, Honolulu, Hawaii 96813
Tel 808.589.1010  Fax 888.797.7471
lars@abelmannlaw.com | ofir@abelmannlaw.com

Attorneys for Defendant
DWAYNE K. MENDOZA

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>DWAYNE K. MENDOZA and<br>NILA T. MENDOZA,<br><br>Debtors.<br>_____<br>CAROLYN P. MENDOZA,<br><br>    Plaintiff,<br><br>  v.<br><br>DWAYNE K. MENDOZA,<br><br>    Defendant. | Bk. No. 13-01333<br>(Chapter 7)<br><br><br><br><br><br>Adversary Proceeding No. 16-90020<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS OR FOR SUMMARY JUDGMENT.** |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR <u>JUDGMENT ON THE PLEADINGS OR FOR SUMMARY JUDGMENT.</u>

**I.  LEGAL ARGUMENT**

Plaintiff obtained a judgment in the Family Court that determined a fixed

judgment amount. This judgment is statutorily not dischargeable, as it comprises a domestic support obligation (DSO) and the Plaintiff and her counsel state so repeatedly. 11 USC § 523(a)(5)/(a)(15).

Plaintiff, however, does not seek a determination that this debt is nondischargeable. Plaintiff, as frequently stated throughout the pendency of this matter, seeks a second mechanism of enforcement of a nondischargeable Family Court judgment, in particular to collect from Defendant's retirement funds. This Honorable Court should not entertain this attempt and abstain from any form of enforcement because: 1) the Defendant regularly makes substantial payments to Plaintiff from his retirement funds; 2) the Family Court has been and continues to have jurisdiction over matters like these and is the proper, specialized court to handle enforcement issues of its judgments, and 3) permitting Plaintiff to proceed would unduly open the doors for similarly-situated plaintiffs to simply seize the opportunity that a debtor had to avail him- or herself of a bankruptcy filing for a second bite at enforcement of DSO judgments, that are much better placed in the specialized Family Court.

Defendant refrains from reiterating the details of his Motion to Abstain and references it hereby. Dkt#41. It must be noted that other bankruptcy courts frequently abstained from hearing and enforcing state-court matters. For example, the

United States Bankruptcy Court for the Eastern District of New York only resolved one part of an enforcement motion, because it had previously presided over the underlying transaction, the sale of an asset (Sale Order). *See In re Personal Communications Devices, LLC*, 2016 Bankr. LEXIS 2844 ¶4 (Bankr. E.D.N.Y.). And that court specifically refrained from deciding all other matters, as they related a to pending state court action. The court stated that "[t]his Court is better suited to address the pending legal issues concerning the Sale Order because it more typically deals with sales of a debtor's assets under § 363 and the enforcement of a sale order under the Bankruptcy Code, but will defer to the State Court to implement this Court's conclusions in the State Court Action." *Id*. Here, there is practically nothing for this Bankruptcy Court to decide: Plaintiff has a statutorily nondischargeable Family Court judgment against the Defendant. The Plaintiff has obtained a judgment in the Family Court and has been trying to enforce said judgment; in fact, the matter has been on appeal and is again before the Family Court. The Family Court is the one court that can determine properly how a judgment should be enforced and to what extent. Further, the New York Bankruptcy Court cited numerous cases in which it abstained from hearing--and thus enforcing--disputes "because there was a pre-bankruptcy action between the parties pending in state court that could more efficiently and expeditiously be resolved by the state court. *Id*. (*In re Exeter Holdings, Ltd.*, Case No.

11-77954 (AST), 2013 Bankr. LEXIS 1008, at *7-8, (Bankr. E.D.N.Y. Mar. 14, 2013); *Guretzky v. Wallace*, Case No. 08-75231 (AST), Adv. Pro. No. 08-8048-ast; dkt item 13-1 (Oct. 27, 2008), aff'd *Wallace v. Guretzky*, 2009 U.S. Dist. LEXIS 91283, 2009 WL 3171767 (E.D.N.Y. Sept. 29, 2009); *see also Int'l Tobacco Partners, Ltd.*, 462 B.R. 378 (Bankr. E.D.N.Y. 2011); *In re Horowitz*, 2010 Bankr. LEXIS 701, 2010 WL 814103 (Bankr. E.D.N.Y. Mar. 1, 2010); *In re Wider*, 2009 Bankr. LEXIS 3981, 2009 WL 4345411 (Bankr. E.D.N.Y. Nov. 30, 2009).

When state-court specific matters are at issue, those should be resolved by the state court and not be litigated--and particularly not be re-litigated--in a Bankruptcy Court. The United States Bankruptcy Court for the Northern District of Alabama has held that, for example, "probate matters are inherently with purview of the state courts" and should be resolved there and not in a bankruptcy court. *In re Robino*, 243 B.R. 472, 1999 Bankr. LEXIS 1695 (Bankr. N.D.Ala). Similarly, here, the only remaining concern for Plaintiff is the enforcement of her Family Court judgment. Yet, obviously the Family Court has concerns about such enforcement because otherwise we would not be here before this Court.

## II.   CONCLUSION

Plaintiff has a statutorily nondischargeable DSO Family Court judgment. Because that issue is resolved and because the Family Court is a specialized court that

4

has continued jurisdiction over this action and its enforcement, this Honorable Court should abstain from further hearing and enforcing this matter.

DATED: Honolulu, Hawaii, September 16, 2016.

ABELMANN PETERSON ROLLINS LLLC

**/s/Lars Peterson**
LARS PETERSON
OFIR RAVIV
Attorneys for Defendant
DWAYNE K. MENDOZA